T. T. REESE, *Petitioner*, v. R. C. BAKER, as Sheriff of Palm Beach County, *Respondent*.

Division A.

Opinion filed June 21, 1929.

*Crawford & May,* for petitioner;

*Stockton, Ulmer & Murchison* and *Wideman & Wideman,* for respondent.

TERRELL, C. J.—Petitioner was president of the Farmers Bank & Trust Company of West Palm Beach which closed its doors March 12, 1927, and was placed in the hands of a receiver. In July, 1928, the receiver of said Bank brought suit against petitioner on a stock assessment. This suit was not contested and in December, 1928, judgment by default was entered against petitioner in the sum of $29,475 principal and $1,965 interest.

Pursuant to Chapter 7842, Acts of 1919 (Secs. 4540 *et seq,* Compiled General Laws of Florida, 1927) proceedings supplementary to execution were promptly instituted against petitioner who appeared before the commissioner and answered all questions propounded to him except such

questions as he was advised by counsel that he did not have to answer because they affected matters and property owned by him beyond the boundary of the State of Florida and in consequence thereof the statute authorizing proceedings supplementary to execution could not compel him to make disclosure. As to such matters and property petitioner refused to answer. Respondent then filed his motion in the proper form of a rule against petitioner to show cause why he should not be committed to jail for contempt in his refusal to answer said questions. A motion to quash the rule to show cause was denied, petitioner filed his answer instanter, argument and hearing was had and the court entered. its order adjudging the petitioner to be in contempt and ordering him to be confined in the county jail of Palm Beach County, Florida, until he shall have purged himself of said contempt. The contempt order was entered April 18, 1929, and was stayed till April 26, 1929, on or about which time this court granted petitioner the writ of *habeas corpus* and ordered that he be released upon the. giving of a bond in the sum of $500.00 pending the determination of the writ of this court.

It is contended here by petitioner that the inquiry contemplated by the interrogation which he refused to answer was beyond the scope of the statute authorizing proceedings supplementary to execution; that the said statutes did not and could not require disclosures as to property beyond the jurisdiction of the courts of this State and that his commitment under the rule amounted to imprisonment for debt, contrary to Section Sixteen, Declaration of Rights, Constitution of Florida.

Proceedings supplementary to execution while unknown to Common Law have come to occupy a very important place in our legal system and in some of the States have almost or quite superceded the equitable remedy by cred-

itor bill, the object of which was the discovery and subjection of property to the payment of a debt or judgment. Under our statute (Sec. 4542, Comp. Gen. Laws of Florida, 1927), the examination provided for may be ''comprehensive and shall cover any and all matters and things pertaining to the business and financial interests of the defendant which might tend to show what property the defendant has, his right in same and the location of same. Any and all testimony may be admissible which may tend directly or indirectly to aid in the satisfaction of any execution in whole or in part.''

So long as the examination is directed to matters affecting the business of financial interests of the defendant, what property he has, his right thereon and the location thereof, whether within or without the State, the examination is pertinent and competent. The purpose of the statute is to aid judgment creditors in securing information that would lead to the satisfaction, in whole or in part, of any execution held by them. Any information which tends directly or indirectly to do this must be given. These are the bounds that must compass the examination in a proceeding like this. It cannot be employed as a predicate to pry into a judgment debtor's private affairs in the absence of reasonable or well founded belief of concealment of fraudulent transfer of property, nor can it be used to uncover the personal affairs or relations of unfortunate debtors in search of some clue leading to the information desired. Bradley v. Burck, 81 Minn. 368, 84 N. W. Rep. 123; Burt v. Hoettinger, 28 Ind. 214, text 218; Tomlinson v. Shatter, 34 Fed. Rep. 380, text 381; Towne v. Campbell, 35 Minn. 231, 28 N. W. Rep. 254. See also Winn v. Strickland, 34 Fla. 610, 16 So. R. 606. People ex rel. Roache v. Hanboy, 145 N. W. Sup 483, Watson v. Pryor, 193 Pac. R. 797. One against whom a judgment creditor holds a valid execution

can have nothing personal or secret about the amount, location, value or status of his property. The law makes all of it above exemption subject to the satisfaction of the execution and entitled the judgment creditor to a knowledge of its location and status. To hold otherwise would in many instances make impotent the act under discussion and restrict it to bounds never intended by its proponents.

We are, therefore, of the opinion that the statute under consideration is broad enough in its terms to require the defendant to make the disclosure here sought as to any property held by him or others in his behalf or due to him from other parties whether such property be located within or beyond the boundaries of the State of Florida.

It is next contended that the commitment under the statute brought in question amounts to imprisonment for debt contrary to Section Sixteen, Declaration of Rights of our Constitution, which is as follows: "No person shall be imprisoned for debt except in cases of fraud."

It is well settled that "imprisonment for debts as here used applies only to debts arising on contract and has no reference to liabilities imposed by law originating in tort or action *ex delicto.*" State v. Dowling, 92 Fla. 848, 110 So. R. 522. Ex Parte Hardy, 68 Ala. 303. The imprisonment here resisted could in no sense be said to have arisen from an obligation on a contract. As stated early in this opinion the purpose of the statute was to aid judgment creditors in securing information that would lead to the satisfaction in whole or in part of any execution held by them. The petitioner refused to give the information which he was by law required to divulge, hence his imprisonment is for contempt as authorized by Section 4549, Comp. Gen. Laws of Florida, 1927. We think there is a very clear distinction between imprisonment under such circumstances and an imprisonment for failure or neglect to pay a debt

arising under contract. To paraphrase, the imprisonment here complained of was not for failure to pay a debt but it was for failure or refusal to give information respecting assets of the petitioner held by him outside the State which he was by law required to give and which might or might not be liable to execution held by a judgment creditor against him.

In support of his contention petitioner relies on Ex Parte Hardy, *supra*. In that case the Alabama Court grounded its judgment on the fact that the clear design of the statute under consideration "was to provide machinery for compelling the payment of an ordinary debt by the defendant, where he fraudulently withholds property, money or effects which are not exempt from execution at law. The purpose of the law is to force the payment of the debt which is the basis of the suit." In the instant case the purpose of the law is not to force the payment of the debt but to secure information that may or may not be the means of satisfying an execution already secured in due course of law.

Under our law the principle is well established that there rests on every person the legal and moral duty to deliver up and appropriate all his property not exempt by law to the payment of his debts. When a judgment creditor has in due course secured his judgment and execution and has exhausted all means to satisfy the same he may resort to the statute under discussion for the discovery of any property or assets the defendant may have that can be appropriated to the payment of his execution. The fundamental purpose behind the act authorizing proceedings supplementary to execution was to assist judgment creditors in doing this. It is in other words a new additional means to make effective the process of the law when a judgment has

been secured and a fruitless effort has been made to satisfy it.

So far as we have been able to find statutes providing for proceedings supplementary to execution have generally been held to be constitutional. Eikenberry v. Edwards, 67 Ia. 619, 25 N. W. R. 832, 56 Am. R. 360. In Re Burrows, 33 Kan. 675, 7 Pac. R. 148; State v. Becht, 23 Minn. 411, 23 C. J. 828, 10 R. C. L. 1373. We have found no exception to this rule except as to such statutes which failed to provide that the evidence secured should not be used against the defendant in any criminal prosecution against him. Hortsman v. Kaufman, 97 Pac. R. 147, 39 Am. R. 802. Our statute (Sec. 4547, Comp. Gen. Laws of Fla. 1927) contains the immunity from prosecution provision and in addition thereto exempts from its effect personal property that has passed into the hands of bona fide purchasers and other property exempt by law from forced sale by virtue of an execution.

This being our conclusion it necessarily follows that the statute of Florida authorizing proceedings supplementary to execution (Sec. 4540 et seq., Comp. Gen. Laws of 1927) does not infringe on Section Sixteen of the Declaration of Rights. The petitioner should, therefore, be remanded.

ELLIS AND BROWN, J. J., concur;

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.