Plaintiff in error, as plaintiff below, filed its declaration on a promissory note of $10,000.00 against the Miami Coliseum Corporation and J. K. Dorn, and G. R. Washbish as joint makers to which each appeared but *Page 1353 
failed to plead. Thereupon default was entered and final judgment in favor of plaintiff was rendered in due course. Execution duly issued on the judgment and the return thereon by the sheriff showed only partial satisfaction. Thereupon plaintiff filed its affidavit pursuant to Chapter 7842 Acts of 1919 providing for proceedings supplementary to execution, Section 1 of which (Sec. 4540 Compiled General Laws of Florida, 1927) reads as follows:
 "At any time after an execution shall have been in the hands of any sheriff of this State and returned unsatisfied, the plaintiff in execution, his agent or attorney, may make and file in the court from which such execution issued, an affidavit affirming such fact and also that said execution is valid and outstanding and also stating the residence of the defendant, and the plaintiff shall thereupon be entitled to have from the judge of said court an order requiring the defendant or defendants in said execution to be and appear, in case the residence of defendant is in the county in which the court is located, before the judge of said court or some commissioner designated in said order, and in case the residence of defendant is in another county, then before some commissioner designated in said order in that other county, at a time and place specified in said order and then and there to be examined concerning his property."
Upon presentation of this petition the Court appointed a commissioner before whom defendants Dorn and Washbish were ordered to appear "to be examined concerning their property." Before answering Dorn and Washbish filed a motion requesting the court to enter an order setting aside and vacating said former order upon the grounds that said Chapter 7842, Laws of 1919 is in *Page 1354 
conflict with Section 11 of Article V., of the Florida Constitution in undertaking to confer equity jurisdiction upon courts of law from which execution issues, and violates Section 12, Declaration of Rights, of the Florida Constitution, in failing to give notice of the issuance of said order in derogation of due process of law. At the hearing upon the motion, by consent, the further ground was added and presented to the court that the title of said Act of 1919 was not sufficiently broad to indicate the contents of the act. The trial court after an argument upon said motion entered an order granting the motion of defendants Dorn and Washbish vacating and setting aside the former order upon the ground, as expressed in said order, that it appeared to the court that various portions of said Chapter 7842 are in violation of the Constitution of the State of Florida, and that such portions, if any, of said chapter as are not unconstitutional are rendered ineffective when the unconstitutional portions thereof are rejected.
From the above order, plaintiff in execution took writ of error, and assigned as error, in substance, that the trial court erred in holding that the statute under which its former order was issued appointing a commissioner and requiring the defendants in execution to appear before said commissioner and be examined as to their property, was unconstitutional.
The constitutionality of this statute was approved, though upon another point raised against it in the recent case of Reese v. Baker, Sheriff, 98 Fla. 52, 123 So. 3. It was there held that the statute is broad enough in its terms to require the defendant to make the disclosure as to any property held by him or others in his behalf or due to him from other parties, whether such property *Page 1355 
be located within or beyond the boundaries of this State; that the fundamental purpose behind the act to assist judgment creditors to discover any assets the defendant may have that can be appropriated to the payment of the execution, and that it is a new and additional means to make effective the process of the law, when a judgment has been secured and a fruitless effort has been made to satisfy it.
It has been repeatedly held in this State that portions of an act may be declared unconstitutional and the rest held valid, and that courts will not pass upon the constitutionality of a portion of an act not before it. Harper v. Galloway, 58 Fla. 255, 51 So. 226, 26 L. R. A. (N.S.) 794, 19 Ann. Cas. 235; Lainhart v. Catts, 73 Fla. 735, 75 So. 47; Gwynn v. Hardee,92 Fla. 543, 110 So. 343; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449. It seems quite clear that the provisions of the act of 1919 for the appointment of a commissioner to take testimony and requiring defendants to appear before him and be examined as to their property are necessarily included in the title; "An Act to Provide for Supplementary Proceedings to an Execution." However, there can be but little room for confusion or doubt as to what was intended to be conveyed by the title, in fact it is clearly disclosed and easily determined. The case of State v. Bryan, 50 Fla. 293, 39 So. 929, contains a review of previous cases upon that subject, and has been frequently cited in this State. It adhered to the general rule that
 "The title of an act may be general, and so long as the generality of the subject therein expressed is not employed as a guise to conceal the real object of the law, or some provision therein, it will not be objectionable. It is also true that the title to an act may be *Page 1356 
so restrictive as to confine the body of the act to such phase of the subject as is indicated by the title." Duval County v. City of Jacksonville, 36 Fla. 196, 18 So. 339, 29 L. R. A. 416; State v. Palmes, 23 Fla. 620, 3 So. 171; State v. Burns, 38 Fla. 367, 21 So. 290; Florida East Coast Ry. Co. v. Hazel, 43 Fla. 263, 31 So. 272, 99 Am. St. Rep. 114; Potter v. Lainhart, 44 Fla. 647, 33 So. 251.
The title here in question cannot be said to be too restrictive to cover the general subject of enforcement of judgments for it deals with the broad subject of "Proceedings Supplementary to Execution." This Court has also held that the subject of an act may be expressed generally in the title, but, even if the general subject is not expressly named therein, if it is clearly disclosed or may be readily inferred or easily determined from the details expressed in the title, it will be sufficient. State v. Bethea, 61 Fla. 60, 55 So. 550; State v. Bryan, supra; State v. Daniel, 87 Fla. 270, 99 So. 804; 25 R. C. L. 853.
The principle has also been announced that where relief of a defendant is predicated
 "upon alleged invalidity of a statute as an entirety, and the statute is held to be valid in its essential provisions, the relief prayed for may be denied * * * even though separable portions of the statute be judicially eliminated as invalid, where the valid portions of the act may be made effectual." Martin v. Dade Muck Land Co., 95 Fla. 530, 595, 116 So. 449, 470.
As to the next point presented that the failure to give notice in a supplementary proceeding after execution is in violation of the due process of law clause of the Constitution, provided in Section 12 Bill of Rights, it is noted that the order which was vacated provided that the commissioner be appointed and that defendants appear *Page 1357 
at a definite time and place to be examined concerning their property, and there is nothing in said order requiring their property to then and there be seized or applied to the satisfaction of the execution; in fact the statute intends and the order only contemplates in substance that the commissioner shall inquire into and discover any hidden assets of the defendants in execution.
In the similar case of Ackerman v. Green, 201 Mo. 231,100 S.W. 30, involving a like statute, that court held that the legal rights of the parties, both the judgment creditor and judgment debtor were fully determined in the solemn adjudication of the court when it rendered the judgment; that it could be readily seen that the order requiring the judgment debtor to disclose his hiding place of the property, the judicial status of which, had heretofore been established by the judgment of the court, in no manner whatever deprived him of any of his legal rights; and added that
 "We are clearly of the opinion that the judgment debtor is not entitled to notice in such a procedure, and for that reason hold that the statute is obnoxious to neither the Constitution of the State nor the United States."
Several States in the United States have similar statutes, many of which have been in force for years; yet we have been unable to find a single case where the constitutionality of one of them has even been declared doubtful.
A similar question has been before the Supreme Court of the United States, in the case of Endicott-Johnson Corp. v. Encyclopedia Press Inc., 266 U.S. 285, 69 L.Ed. 288, 45 Sup. Ct. 61, wherein it was said that
 "The established rules of our system of jurisprudence *Page 1358 
do not require that a defendant who has been granted an opportunity to be heard and has had his day in court should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment he must take notice of what will follow, no further notice being necessary to advance justice."
The Supreme Court of the United States has also said that the words "due process of law" when applied to judicial proceedings,
 "means a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights." Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Scott v. McNeal, 154 U.S. 34, 46, 38 L.Ed. 896, 901, 14 Sup. Ct. 1108; Endicott-Johnson Corp. v. Encyclopedia Press, Inc., supra.
It seems also to be well settled that vesting the law courts by statute with the power to compel discovery of assets is not violative of that section of the Constitution providing that the circuit courts shall have exclusive original jurisdiction in equity as the powers of such courts of law may be appropriately supplemented and added to in order to effectuate their judgments, otherwise the courts might become helpless; and it may be truly said, an examination of a judgment debtor is merely a matter of procedure not necessarily involving any equitable rights as such. See Ex Parte Boyd, 105 U.S. 648, 26 L.Ed. 1200, wherein a similar statute was being attacked on similar grounds, and it was said: *Page 1359 
 "It is a mere matter of procedure, not involving the substance of any equitable right; and may be located, by legislative authority to meet the requirements of judicial convenience."
We are not in this case called upon to decide as to the constitutionality of any section of said Chapter 7842 Laws of Florida, 1919, except those considered to be involved in the order vacated in the trial court and as to those portions of the act there can be no serious doubt of their constitutionality.
It being made to appear that the trial court committed error in entering the order vacating the former order in said cause, the same is reversed.