RYAN'S FURNITURE EXCHANGE, INC., v. M. G. McNAIR, as Receiver of the Putnam National Bank of Palatka.

162 So. 483.
Opinion Filed June 19, 1935.

110

112

J. V. *Walton,* for Petitioner;

*Julian C. Calhoun, W. A. Macwilliams, Frank D. Upchurch* and *R. W. Ervin,* for Respondents.

DAVIS, J.—We have before us for consideration on its merits a controversy determinable on certiorari issued by this Court pursuant to Article V, Section 5, of the Constitution of Florida. The facts shown by the record before us are substantially as follows:

On September 19, 1934, M. G. McNair, as Receiver of the Putnam National Bank, filed his affidavit for proceeding supplementary to execution, stating therein that on March 13, 1934, he, as Receiver, recovered judgment for $20,786.53 plus costs, against Ryan Bros., Inc.; that on July 13, 1934, execution based on said judgment, but was, on August 15, 1934, returned unsatisfied.

On September 19, 1934, the Circuit Judge entered the following order:

"That the defendant in execution, Ryan Bros., Inc., a corporation, be, and it is hereby required to be and appear before P. B. Revels, Esq., a practicing attorney at the bar of this Court, who is hereby designated Commissioner by the Court, on the 5th day of October, A. D. 1934, at ten o'clock A. M. in the Circuit Court Room in the Court House at Palatka, Putnam County, Florida, then and there to be examined concerning its property, as provided by law."

On October 5, 1934; and subsequent dates thereafter, after notice given, witnesses were called in behalf of M. G. McNair, as Receiver, and in addition documentary evidence was introduced. No evidence was introduced on behalf of Ryan Bros., Inc. Taking of testimony ended February 8, 1935.

On February 19, 1935, the Commissioner filed his report showing that seven different hearings were had in taking the testimony. After setting forth the evidence taken, the report then gave the findings of the Commissioner on both the facts and the law involved.

On March 15, 1935, the Circuit Judge made his order confirming in all respects the findings of the Commissioner, in the following language:

"That Ryan's Furniture Exchange, Inc., a corporation,

is a mere continuation of the business and affairs of the defendant, Ryan Brothers, Inc., a corporation, and that all the stock in trade, fixtures and equipment now held in the name of Ryan's Furniture Exchange, Inc., is the property of the defendant, Ryan Bros., Inc., and that the transfers or assignment of the personal property as disclosed in and by the Commissioner's report and findings between the defendant, Ryan Bros., Inc., and Ryan's Furniture Exchange, Inc., were made without consideration and were made or executed, contrived or devised by the defendant, Ryan Bros., Inc., of fraud, covin, collusion or guile to the end, purpose and intent to delay, hinder or defraud its creditors, including the plaintiff, and said transfers or assignment of said stock in trade, furniture and equipment from said defendant, Ryan Bros., Inc., to said Ryan's Furniture Exchange, Inc., be and the same are hereby decreed to be utterly void, frustrate and of non-effect, and the Clerk of this Court, be, and he is hereby directed to deliver to the Sheriff of this Court a certified copy of this order together with the execution which issued herein on the 13th day of July, A. D. 1934, and which was returned by the Sheriff of this Court 'nulla bona' on the 15th day of August, A. D. 1934, and the Sheriff of this Court, be and he is hereby directed to take all of the personal property acquired by H. C. Richard at Sheriff's sale held on the 3rd day of September, A. D. 1934, and subsequently sold to Ryan's Furniture Exchange, Inc., and all of the stock in trade, fixtures and equipment, now held in the name of Ryan's Furniture Exchange, Inc., for the satisfaction of the execution issued herein on the 13th day of July, A. D. 1934.

"The Court finds that $93.65 is a reasonable amount to allow P. B. Revels, Commissioner, as his costs and fees

for his services as Commissioner herein, and hereby allows same, and it is further

"ORDERED AND ADJUDGED, That the defendant, Ryan Brothers, Inc., a corporation, be, and it is hereby required to pay all costs of the proceedings herein supplementary to execution, which costs are hereby taxed at the sum of $_____, together with the sum herein allowed as Commissioner's costs and fees."

On March 16, 1935, the Sheriff of Putnam County took possession of the stock in trade, fixtures and equpiment of Ryan's Furniture Exchange, Inc., locking up the store, records and other property, taking the keys thereto, and barring therefrom all officers, directors, employees and servants of Ryan's Furniture Exchange, Inc.

On March 29, 1935, Ryan's Furniture Exchange, Inc., filed its petition for writ of certiorari in the Supreme Court. The petition averred substantially that the Circuit Court exceeded its jurisdiction in declaring the judgment of Richard v. Ryan Brothers, Inc., void, because said judgment was not rendered at same term as supplemental proceedings were had and Richard was not made a party to supplemental proceedings; that the Circuit Court exceeded its jurisdiction in adjudging Ryan's Furniture Exchange, Inc., a continuation of Ryan Brothers, Inc., when petitioner was not made a party to supplemental proceedings; that Circuit Court was without jurisdiction to order the Sheriff to seize the property of Richard and the petitioner; that the Commissioner was without authority to hold any hearings after the first one because that is the extent to which authority was granted him under the order appointing him Commissioner; that the Commissioner was without authority to report any findings on either the law or the facts, because no such authority was given him in the order appointing

him Commissioner; that seizure of property of petitioner without its day in court has irreparably damaged petitioner.

The Supreme Court thereupon issued rule to show cause why said writ should not be granted, returnable April 3, 1935. On that date, the Court, after hearing oral arguments, issued a writ of certiorari, directed to the Clerk of the Circuit Court for Putnam County and to M. G. McNair, as Receiver.

On April 20, 1935, this Court entered its further and supplemental order that the writ of certiorari granted on April 3, 1935, operate as a supersedeas to the final order of the Circuit Court of March 15, 1935, until further order of this Court.

On April 25, 1935, M. G. McNair, as Receiver, filed his motion to quash the writ of certiorari. The motion stated substantially: (1) That statutory proceedings supplemental to execution permitted Circuit Court to order Sheriff to take personal property of person not made party to such proceedings; (2) that those feeling aggrieved may file claim and bond under Section 4545 C. G. L.; that it appears from the record that the Circuit Court did not exceed its jurisdiction under the statutory proceedings supplementary to execution; (4) that record shows and Circuit Court found petitioner a mere continuation of judgment debtor, acquiring latter's assets without consideration and intending to defraud respondent; (5) same ground as second except it refers to Statutes 4515 and 4516 C. G. L.; (6) that record shows Circuit Court has followed statutory procedure and petitioner has other remedies, thus making certiorari inapplicable as a remedy; (7) that petitioner seeks to have this Court go outside record to consider matters not proprely before the Court, and to consider hypothetical questions.

The statutory proceeding supplemental to execution is embodied in Sections 4540-4549 C. G. L. These statutes were designed to assist judgment creditors to discover any assets of the defendant, th'at could be appropriated to satisfy the judgment, thereby furnishing additional means of satisfying executions after they have been returned unsatisfied. South Florida Trust Co. v. Miami Coliseum Co., 101 Fla. 1351, 133 Sou. Rep. 334. And this procedure is generally a substitute for creditor's bill. Sebring Co. v. O'Rouke, 101 Fla. 885, 134 Sou. Rep. 556; Florida Guaranteed Securities v. McAllister, 47 Fed. (2nd) 762.

The constitutionality of these statutes was questioned in two cases and in both, were ruled to be constitutional. In Reese v. Baker, 98 Fla. 52, 123 Sou. Rep. 3, it was held the provision authorizing imprisonment of debtor for contempt for failure to disclose location of property outside of State is constitutional; such imprisonment not being for the debt, but for the contempt. In South Florida Trust Co. v. Miami Coliseum Co., 101 Fla. 1351, 133 Sou. Rep. 334, it was held not denial of due process to have debtor appear in proceeding by order of court as he had already been served with process upon the institution of the action. It was also held the title of the Act was sufficient to cover the appointment of the Commissioner. It was also held that the examination of a judgment debtor involved no equitable rights violative of Section 11, Article V, of the Florida Constitution.

Under the statutory procedure supplemental to execution the court is under duty to summons all adverse claimants to real estate and must provide such procedure as will give all claimants a hearing. Florida Guaranteed Securities v. McAllister, 4247 Fed. (2nd) 762. It seems that the rule as to observation of due process would be the same whether

the subject matter was real estate or personal property. The statutes relating to proceedings supplemental to execution have been held constitutional merely because no substantial rights were violated in their enforcement. But if in enforcing these statutes, due process is not observed, the proceeding is to that person a nullity. These statutes must be enforced so as to afford due process.

In observing due process of law the opportunity to be heard must be full and fair, not merely colorable or illusive. Redman v. Kyle, 76 Fla. 79, 80 Sou. Rep. 300. Fair notice and a reasonable opportunity to be heard shall be given interested parties before a judgment or decree is rendered. Tibbetts v. Olson, 91 Fla. 824, 108 Sou. Rep. 679; McDaniel v. McElvy, 91 Fla. 770, 108 Sou. Rep. 820, 51 A. L. R. 731; Fiehe v. Householder Co., 98 Fla. 627, 125 Sou. Rep. 2. Due process of law means a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights. South Florida Trust Co. v. Miami Coliseum Corp., *supra.*

The Richard judgment which was sought in this case to be declared void, was rendered by a court of general jurisdiction where the parties were before the court. Such judgment is not void; but at most is voidable. See: Ponder v. Moseley, 2 Fla. 207, 48 Am. Dec. 194.

While a judgment cannot be attacked collaterally as to matters that might have been taken advantage of on writ of error or appeal (See: Wilson v. Hayward, 6 Fla. 171), yet fraud and collusion in its procurement practiced upon strangers to the record, such as creditors, may render the judgment voidable as to them even in a collateral proceeding. "But the fraud which will authorize a creditor to impeach a judgment, obtained by another against his debtor, *must*

*be fraud against such creditor participated in by the debtor;* not a mere overreaching of the debtor in his litigation." (Emphasis supplied.)   15 Standard Encyclopedia of Procedure 466.

If, as argued by petitioner, the order of the Circuit Court that the Clerk deliver to the Sheriff "the execution issued herein on the 13th day of July, A. D. 1934, which was returned by the Sheriff to the Circuit Court *'nulla bona'* on the 15th day of August, A. D. 1934," was without authority in the statutes or in the practice, petitioners nevertheless claim adversely to both judgment creditor and judgment debtor and are therefore in no position to raise the point, since the injury, if any, is to the judgment debtor, not to anyone who claims adverse to him.

Section 4504 C. G. L., 2817 R. G. S., gives plaintiff right to have execution at any time within three years after rendition of judgment or decree; and upon issuance thereof, judgment plaintiff is entitled to renew same upon return of original to Clerk's office, for period of 20 years, unless judgment is sooner satisfied.   The correct practice is not to allow issuance of another execution until the first be returned and filed in the Clerk's office.   See: Jordan v. Petty, 5 Fla. 326; Massey v. Pineapple Orange Co., 87 Fla. 374, 100 Sou. Rep. 170.   But a premature return by way of endorsement *"nulla bona"* on the execution is not necessarily such a *final* return of the execution as works its dissolution. See: Section 4507 C. G. L., 2820 R. G. S.   In this case the execution had not been *finally* returned in accordance with the statute, so no new execution was necessary.

Chapter 7842, Acts 1919 (Sections 4540 to 4549 C. G. L.) were intended to give the Circuit Court broad discretionary powers to carry out the full intent and purpose of the proceedings supplementary to execution law which

was to confer on Circuit Courts the right to subject any and all property, or property rights of any defendant in execution, however fraudulently conveyed, covered up or concealed the same might be, whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against him.

If during the course of proceedings supplementary to execution the rights of third parties claiming adversely both to plaintiff in execution as well as to defendant in execution appear to be involved, no rights of such third parties should be adjudged to be affected, impaired or finally cut off by any order of court made in such proceedings supplementary to execution, unless such third parties have been first fully impleaded and brought into the case as actual parties to the proceeding and as such, given an opportunity to fully and fairly present their claims *as parties* entitled to a full and fair hearing after the making up of definite issues to be tried, and not as mere spectators or bystanders in the cause. When so made actual parties to supplementary proceedings, writ of error will then lie on behalf of such third parties to review the resultant judgment if they should feel themselves aggrieved thereby.

In proceedings supplemental to execution under the Florida statutes, due process of law must be observed wherever rights of third parties are required to be adjudicated, and in order to adjudicate the rights of such third parties, they must be made actual parties to the proceedings, either by their own voluntary intervention or by the service of an appropriate *rule nisi* upon them requiring them to appear and show cause why their asserted claims to disputed assets in their hands, possession or control should not be inquired into and held to be voidable as to the plaintiff in execution who is seeking to reach such disputed assets in order to

satisfy his judgment against his judgment debtor whose assets he claims they in reality are. See: Florida Guaranteed Securities v. McAllister, 47 Fed. (2nd) 762, for an example of proceedings under the statute involving real property.

It is further contemplated that the ordinary right to a jury trial of issues of fact developed in such a case should not be denied, where a third party sets up *bona fide* such claim to disputed assets in his hands, possession or control, that his rights thereto could only be properly asserted and adjudicated against him in a statutory claim proceeding (Section 4517 C. G. L., 2830 R. G. S.)* or in an action of detinue or replevin, or sued for in trover, were the controversy invloved solely one to be decided between the judgment debtor and the third party claimants in the proceeedings supplementary to execution. And in all cases wherein it appears that defendant in execution at any time within one year prior to date of issuance of execution had title to, or paid the purchase price of any personal property to which his wife, relative, or any person on confidential terms with the defendant in execution claims title, the burden of proof devolves upon the claimant to establish his or her right as being superior to that of the defendant in execution as to any such property. See: Section 4544 C. G. L.

Section 4518 C. G. L., is sufficiently broad and flexible to carry out the liberal purposes and intent of the statute providing for proceeedings supplementary to execution to reach property actually subject to execution but concealed or held under color of title in a third person, but in trust

---

*In the case of personal property ordered seized, possession thereof by the claimant *prior to trial* is to be permitted only upon condition of his filing claim affidavit and giving bond after seizure, as provided by law. See Section 4545 C. G. L.

for, or derived from, defendant in execution, and in determining controversies instituted under the Act, the Circuit Court should enter such orders, and have such proceedings, as will accord to third parties their statutory and constitutional right to a full and fair hearing of all issues properly raised by appropriate pleadings involving an adjudication of their rights, including the right to a trial by jury where that right exists at common law or under statutes, were the controversy brought before the court in an ordinary way, and not under Chapter 7942, Acts 1919.

The summary conduct of the proceedings insofar as the actual defendant in execution is concerned is both appropriate and necessary as a step by way of discovery of defendant in execution's assets alleged to be in fraudulent possession or concealment of third parties for defendant in execution's use or benefit, but in dealing with third parties who assert *bona fide* claims to assets held by them under a claim of right adverse to defendant in execution, the statute contemplates that the Circuit Court shall proceed against such third parties pursuant to appropriate orders made under Section 4518 C. G. L. that will make such third parties *actual parties to the cause* and accord to them all their legal rights as adverse claimants to both plaintiff in execution and defendant in execution, when such claim is duly made to appear in the cause.

The Circuit Court order of March 15, 1935, attacked by this writ of certiorari is not in conformity with the essential requirements of law in that it undertakes to finally decide and definitely adjudicate against Ryan's Furniture Exchange, Inc., and against H. C. Richard, its predecessor in title, rights of property asserted by them which should not be finally determined adversely to their claims until said Ryan's Furniture Exchange, Inc., and said H. C. Richard

are duly made *actual* parties to the proceeding by being served with a rule *nisi* summoning them to show cause why a final order determining their rights, title and interest in the disputed assets should not be made.

By such a course of procedure due process of law can be afforded to them as third parties claimant, and they may thus be given their statutory opportunity to file claim affidavit and claim bond for the property ordered to be levied on under the execution against Ryan Brothers, Inc., if they wish to acquire immediate repossession of the same prior to hearing and trial of the issues arising upon the return to the rule *nisi.*

Or in the event the affected third parties do not wish to avail themselves of the benefit of a jury trial by way of statutory claim bond proceedings instituted to secure release of property seized on an execution issued pursuant to a judgment to which they are strangers, they may resort to a motion to set aside the levy on their property as being property not subject to being sold to satisfy plaintiff in execution's claim in which event the court can make an appropriate inquiry into both the law and the facts and render summary judgment setting aside the levy as to any property not subject to seizure, when all the parties are before the court. See: City of Coral Gables v. Hopkins, 107 Fla. 778, 144 Sou. Rep. 385 (8th headnote).

The order of the Circuit Court is quashed on certiorari, and the record pertaining thereto is remanded to the Circuit Court for such appropriate proceedings as are not inconsistent with this opinion.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.