VIRGINIA-CAROLINA CHEMICAL CORPORATION v. F. D. SMITH.

164 So. 717.
Opinion Filed October 15, 1935.
Rehearing Denied December 18, 1935.
Further Rehearing Denied January 3, 1936.

*Lee Guest,* for Appellant;

*McCollum & Howell* and *Wells & Hall,* for Appellee.

BUFORD, J.—The appeal in this case brings for review a final decree dismissing plaintiff's bill of complaint without prejudice and vacating certain other decrees theretofore entered.

The bill of complaint was one to have canceled as a cloud on complainant's title a certain sheriff's deed issued pursuant to sale under execution levied on the real estate described in the bill of complaint as the property of one D. C. Smith. The appellant here was defendant in the court below and answered the bill. The answer showed, in short, that the Virginia-Carolina Chemical Corporation procured a judgment in the Circuit Court of Duval County, Florida, against D. C. Smith and thereupon execution was issued; that the execution was placed in the hands of the Sheriff of Sumter County, Florida, and returned unsatisfied; that thereafter, to-wit, on September 27th, 1933, Virginia-Carolina Chemical Corporation filed an affidavit in proceedings supplementary to execution in the Circuit Court of Duval County, Florida, in compliance with the provisions of Chapter 7842, Acts of 1919, the same being referred to in the answer as Sections 4542, 4544, 4545, 4547 and 4549 C. G. L. of 1927. That pursuant to the filing of such proceedings a Commissioner was appointed, took the testimony of witnesses, made a report to the Circuit Court of Duval County. Thereupon Virginia-Carolina Chemical Corporation filed motion as follows:

"That this Honorable Court will order the property hereinafter described and situate in Sumter County, Florida, to be applied to the satisfaction of plaintiff's judgment debt

herein in accordance with the provisions of Section 4543, Compiled General Laws of Florida, and that the said Court shall order and direct the Sheriff of Lake County, Florida, to seize and take into possession and sell at public auction after due notice the following described property, to-wit:"

Then follows the description of the land in Sumter County, Florida, after which is the following:

"And for grounds of said motion the plaintiff submits that it appears by the evidence herein that the conveyance made by D. C. Smith to his brother, F. D. Smith, was in fact made for the purpose of hindering, delaying and defrauding his creditors and that the same is therefore void."

This notice was addressed to Mr. D. C. Smith, Center Hill, Florida., Mr. F. D. Smith, Center Hill, Florida, and Messrs. McCollum and Howell, Attorneys for D. C. Smith and F. D. Smith, Bushnell, Florida.

Pursuant to that hearing judgment was entered against D. C. Smith and F. S. Smith, in which it was adjudged in part:

"The Court further finds and adjudges the fact to be that said conveyance aforesaid from D. C. Smith joined by his wife, Pearl V. Smith, is void and made with the intention to hinder, delay and defraud the plaintiff, one of the creditors of the said defendant, D. C. Smith, and, therefore, said conveyance recorded in Deed Book 104 at page 134 of the public records of Sumter County, Florida, is void and of no effect against plaintiff herein and is so adjudged to be void."

And the Sheriff of Sumter County, Florida, was ordered to forthwith levy upon and seize the lands involved in Sumter County, Florida, as the property of the defendant, D. C. Smith, and that same be sold and applied toward the satisfaction of the judgment and execution. There are no

cross assignments of error. The answer failed to show that F. D. Smith was ever brought by any process or by voluntary appearance into the jurisdiction of the Circuit Court of Duval County and for that reason questions attempted to be raised by the assignments of error here are immaterial. It is elementary that before anyone claiming title to property which is the subject of litigation can be bound by a judgment or decree in such litigation that such party must be brought into the jurisdiction of the court and his rights must be submitted to that jurisdiction. F. D. Smith was in nowise made a party to the proceedings supplementary to execution. His name was not mentioned in the original affidavit filed. His name was not mentioned in the order of the Court appointing A. M. Roland Commissioner to take testimony. The first place where his name appears in those proceedings except as a witness before the Commissioner is in the motion and notice hereinabove referred to setting down for hearing before the Circuit Judge after the report of the Commissioner.

We have had one case in this Court involving the identical point in connection with the application of proceedings supplementary to execution and a like question was presented in the case of Florida Guaranteed Securities v. McAllister, *et al.,* in the U. S. District Court for the Southern District of Florida, in which Judge Ritter said:

"There is no provision in these sections for procedure in reference to determining rights in real estate. The procedure in such respect is different from that in reference to personal property, as the statutes recognize. Instead of prescribing procedure in reference to real estate, the broad power is given the judge in Section 4548 to prescribe what in his discretion may be the proper procedure in reference to real estate. This section says that the court shall carry

out 'the full intent and purpose of this article to subject any property or property rights of any defendant to the satisfaction of any execution against him.' This must perforce include real estate. All claimants to the real estate must have a day in court. This is self-evident and it is incumbent upon the court, under the power here conferred to provide such procedure as will give all claimants in interest in reference to real estate a hearing.

"I construe the Florida statutes to be a substitute for a creditor's bill in equity. These statutes intended to empower the court to follow through with the enforcement of its judgment, so that there would be no necessity for an independent suit to reach property which legally should be applied to the satisfaction of the judgment.

" 'Conflicting rights to property involved in supplementary proceedings should not be settled in an independent action, the suggestion being made that where such conflict arises, interpleaders in the supplementary proceedings should be filed.' 10 R. C. L. 163, p. 1373.

" 'A judgment creditor's bill is in essence an equitable execution comparable to proceedings supplementary to execuition.' Pierce v. U. S., 255 U. S. 398, 41 S. Ct. 365, 366, 65 L. Ed. 697.

" 'When jurisdiction is, by the Constitution or this Code, or by any other statute conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction if the course of proceeding be not specifically pointed out in this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code.' Bayes v. International Co. (C. C.) 84 F. 518, 525."

The question here considered was presented in Ryan

Furniture Exchange, Inc., v. McNair, *et al.,* 120 Fla. 109, 162 So. 483, in which we said:

"If during the course of proceedings supplementary to execution the rights of third parties claiming adversely both to plaintiff in execution as well as to defendant in execution appear to be involved, no rights of such third parties should be adjudged to be affected, impaired, or finally cut off by any order of court made in such proceedings, supplementary to execution, unless such third parties have been first fully impleaded and brought into the case as actual parties to the proceeding, and, as such, given an opportunity to fully and fairly present their claims *as parties* entitled to a full and fair hearing after the making up of definite issues to be tried, and not as mere spectators or bystanders in the cause. When so made actual parties to supplementary proceedings, writ of error will then lie on behalf of such third parties to review the resultant judgment, if they should feel themselves aggrieved thereby.

"In proceedings supplemental to execution under the Florida statutes, due process of law must be observed wherever rights of third parties are required to be adjudicated, and, in order to adjudicate the rights of such third parties, they must be made actual parties to the proceedings, either by their own voluntary intervention or by the service of an appropriate rule *nisi* upon them requiring them to appear and show cause why their asserted claims to disputed assets in their hands, possession or control should not be inquired into and held to be voidable as to the plaintiff in execution who is seeking to reach such disputed assets in order to satisfy his judgment against his judgment debtor, whose assets he claims they in reality are."

While we have heretofore held that the statutory proceedings supplementary to execution provided by Chapter

7842, Acts of 1919, may be regarded as a substitute for a creditor's bill in chancery; Reese v. Baker, 98 Fla. 52, 128 Sou. 3; South Florida Trust Co. v. Miami Coliseum Corporation, *et al.,* 101 Fla. 1351, 133 Sou. 334; and Geo. E. Sebring Co. v. O'Rourke, 101 Fla. 885, 134 Sou. 556, we have not held that the jurisdiction of the Circuit Court in such cases has become co-extensive with the jurisdiction of the Circuit Court in chancery cases.

However, regardless of the question as to whether or not the Circuit Court of Duval County had jurisdiction to determine the status of the title to lands situated in Sumter County in proceedings supplementary to execution issued on judgment rendered by the Circuit Court of Duval County wherein the judgment creditor claimed in such proceedings that the lands in Sumter County were subject to the levy of execution as the property of the judgment debtor named in the Duval County judgment and who was a resident of Sumter County, which we do not now determine, the record shows that F. D. Smith was not made a party to those proceedings, either by process issued by the Court or by intervening as a defendant and was, therefore, not bound by those proceedings.

The assignment of error is that the court erred in its order dismissing the bill of complaint without prejudice. It is not the dismissal that is complained of, but its having been dismissed without prejudice. If error occurred, it was in dismissing the bill, and certainly under the conditions, it was not error to make the order so that such dismissal would operate without prejudice to the complainant.

The decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

ON PETITION FOR REHEARING.

BUFORD, J.—This case is before us on petition for rehearing in which petition the correctness of our opinion and judgment entered herein on October 15th, 1935, is challenged.

It is contended in the petition that we overlooked the decision and opinion of this Court in the case of Ray v. Williams Phosphate Co., 59 Fla. 598, 52 Sou. 589. That opinion and judgment was not overlooked. The factual conditions are different in the case now before us to those which existed in that case. That was a chancery suit instituted to procure an adjudication that a certain final decree in a foreclosure proceeding theretofore entered was void because of fraud of the jurisdiction of the court occasioned by collusion between the parties. In that case it was held:

"One court of equity should not enjoin a party from proceeding in another court of equity of equal and co-ordinate jurisdiction, merely because of convenience. As between courts of co-ordinate power, the one first acquiring jurisdiction of the subject matter should as a general rule be permitted to retain it to the end."

It is pointed out in that opinion:

"No attempts were had in that suit to stop the sale or to show fraud in fact upon the court's jurisdiction; it cannot now in view of the admitted facts be argued that upon the face of the record the Judge of the Sixth Circuit had not jurisdiction to enter the decree that was entered and with the actual knowledge then possessed by Ray, he should have applied to that forum for relief."

In this case it is contended by the appellee that the judgment was void as to the judgment debtor because the lands involved in the judgment were not within the jurisdiction of the Circuit Court of Duval County and it is further con-

tended that it is void as to the complainant in the court below, the appellee here, because the Circuit Court of Duval County never acquired jurisdiction of the person of F. D. Smith as a party to the proceedings supplemental to execution and that, therefore, the rights of F. D. Smith could not be adjudicated by that court and become binding on F. D. Smith.

The first contention is not tenable. Circuit Courts may be given extraterritorial jurisdiction. Section 11 of Article V of the Constitution provides, in part, as follows:

"The Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts, and in all cases involving the legality of any tax, assessment or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate, and of all criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide."

It was the evident intent and purpose of the Legislature in enacting Chapter 7842, Acts of 1919, Sections 4540 to 4549, inclusive, C. G. L., to "empower the Circuit Court to follow through with the enforcement of its judgment so that there would be no necessity for an independent suit to reach property which legally should be applied to the satisfaction of the judgment." Florida Guaranteed Securities Co. v. McAllister, 47 Fed. 2nd Ed. 762.

Judgments of the Circuit Court are enforceable in all counties throughout the State and the executions issued upon judgments rendered run with full force throughout the State. See Sec. 2818 R. G. S., 4505 C. G. L.

In South Florida Trust Co. v. Miami Coliseum Corporation, 101 Fla. 1351, 133 Sou. 334, we held:

"The purpose of Chapter 7842, Acts of 1919 (Section 4540, Compiled General Laws of Florida), is to assist judgment creditors to discover any assets of the defendant that can be appropriated to the satisfying of judgment, thereby furnishing a new and additional means of making executions effective when a judgment has been secured and a fruitless effort made to satisfy it."

And in Reese v. Baker, 98 Fla. 52, 123 Sou. 3, we held:

"In proceeding supplementary to execution under Acts 1919, C. 7842 (Comp. Gen. Laws 1927, Sec. 4540, *et seq.*) and Comp. Gen. Laws 1927, Sec. 4542, court could require judgment debtor to make disclosure as to any property held by him or others in his behalf, whether property was located within or without boundaries of State, since purpose of statute is to aid judgment creditor, in securing information leading to satisfaction of execution, and information tending to do this directly or indirectly must be given."

Therefore, the Circuit Court of Duval County was not without jurisdiction in proceedings supplemental to execution to determine as between parties to those proceedings the rights of the judgment debtor in and to certain real estate lying within a county in Florida though not within the territorial jurisdiction of the Circuit Court of Duval County.

A judgment so entered, however, is not binding upon a person who is not a party to those proceedings. In the bill of complaint filed by appellee in the court below he alleges that he was not a party to those proceedings and the allegations of the answer are not sufficient to show that he was a party to those proceedings. The answer shows that he was subpoenaed as a witness to appear before a Commissioner. This did not make him a party to the proceedings. Neither is the answer sufficient to show that he intervened

to contest his rights in those proceedings. The answer alleges that counsel appeared in behalf of F. D. Smith when he was summoned to appear as a witness. This did not have the effect of making him a party to the suit. The answer also alleges that counsel for the plaintiff in the law action and the petitioner in the proceedings supplemental to execution gave F. D. Smith notice of the final hearing in those proceedings and that counsel for F. D. Smith participated in the final hearing. But the record, which was made a part of the answer, does not show that counsel appeared in behalf of F. D. Smith as a respondent or defendant or party to that action. And, therefore, this appellee falls within the purview of the decision in the case of Ryan Furniture Exchange, Inc., v. McNair, *et al.,* 120 Fla. 109, 162 Sou. 483.

In the case of Florida Guaranteed Securities, Inc., v. McAllister, *et al.,* 47 Fed. (2nd) 762, District Judge Ritter, of the District Court of the Southern District of Florida, said:

"There is no provision in these sections for procedure in reference to determining rights in real estate. The procedure in such respect is different from that in reference to personal property, as the statutes recognize. Instead of prescribing procedure in reference to real estate, the broad power is given the judge in Section 4548 to prescribe what in his discretion may be the proper procedure in reference to real estate. This section says that the court shall carry out 'the full intent and purpose of this article to subject any property or property rights of any defendant to the satisfaction of any execution against him.' This must perforce include real estate. All claimants to the real estate must have a day in court. This is self-evident, and it is incumbent upon the court, under the power here conferred, to

provide such procedure as will give all claimants in interest in reference to real estate a hearing.

"I construe the Florida statutes to be a substitute for a creditor's bill in equity. These statutes intended to empower the court to follow through with the enforcement of its judgment, so that there would be no necessity for an independent suit to reach property which legally should be applied to the satisfaction of the judgment.

" 'Conflicting rights to property involved in supplementary proceedings should not be settled in an independent action, the suggestion being made that where such conflict arises, interpleaders in the supplementary proceedings should be filed.' 10 R. C. L. 163, p. 1373.

" 'A judgment creditor's bill is in essence an equitable execution comparable to proceedings supplementary to execution.' Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 366, 65 L. Ed. 697.

" 'When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a court or juridical officer all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code.' Bates v. International Co. (C. C.) 84 F. 518, 525.

"The above was a statement in a California case with reference to the exercise of power under proceedings supplementary to execution, and was approved by the Federal Court and is applicable in this case especially.

"The intent and purpose of these statutes under Article V aforesaid must be to give a full-rounded jurisdiction, including the proper procedure, to determine under supple-

mentary proceedings what property of every kind, legal or equitable, is the property of a defendant which should be subjected to execution, and in determining this fact, where there are adverse claimants; it necessarily follows that the court has the power and it is his duty to summons into court by an order, all adverse claimants, and require them to set up their rights and to give everybody a day in court in a trial of the issues which may be raised."

While this decision is not binding on this Court, it is of persuasive value, and, as we think it states the rule of law which should be applied in these cases, we quote it with approval. We cannot adopt the rule that a party who has knowledge of the pendency of a law action is bound by judgment rendered in such law action without formally intervening therein or being served with process to appear therein and defend his rights, if any he has, in the subject matter of such law action.

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.