J. H. Scott, individually, and H. N. Wimmers, as Receiver of B. L. E. Realty Corporation, v. W. T. Harrison, Circuit Judge, and J. I. Walden as Special Court Commissioner.

184 So. 233.
Opinion Filed October 31, 1938.
Rehearing Denied November 18, 1938.

*John F. Burket,* for Plaintiffs;

*Paul C. Albritton,* and *N. G. & John Fite Robertson,* for Respondents.

Chapman, J.—It having been made to appear in this Court by petition that the Honorable W. T. Harrison, a Judge of the Twelfth Judicial Circuit, was assuming jurisdiction over the relation not authorized by law and in excess of the power and jurisdiction of the court conferred by Sections 4540, 4541, 4542, 4543, 4544, 4545, 4546, 4547, 4548, and 4549 C. G. L., and that the aforesaid Judge was not authorized by law to make and enter under Sections 4540 to 4549 C. L. L., *supra,* the following order:

"Jo Gill, Plaintiff, v. B. L. E. Realty Corporation, a Florida corporation, Defendant.

"Order

"This Cause coming on to be heard on the affidavit of Paul C. Albritton, attorney for Mary M. Blackburn, and it

appearing that Mary M. Blackburn is the owner of an·undivided interest in a judgment entered by this Court on the 18th day of July, 1929, wherein Jo Gill was plaintiff and B. L. E. Realty Corporation, a Florida corporation, was defendant, in the sum of Twenty-seven Thousand, Three Hundred Forty-eight and 64-100 ($27,348.64) Dollars, which judgment is valid and outstanding, and it further appearing that said corporation has been dissolved and that J. H. Scott, its Vice President at the time of its dissolution became one of its Trustees and is acquainted with the financial affairs of said corporation and that there is no one else in the State of Florida who possess the knowledge of the affairs of said corporation that J. H. Scott does, and it further appearing that H. N. Wimmers has been appointed as Receiver of the affairs of said corporation and that J. H. Scott and H. N. Wimmers reside at Venice, Florida, within the jurisdiction of this court.

"It Is, Therefore, Upon Consideration Thereof Ordered And Decreed that the said J. H. Scott and H. N. Wimmers appear before J. I. Walden as Special Commissioner in this cause, at the office of Paul C. Albritton, attorney for Mary M. Blackburn, at No. 10 Downey Building, Sarasota, Florida, on the 18th day after the service of a copy of this order at 10:00 A. M. on said day, to be examined and give testimony concerning the property and financial affairs of the B. L. E. Realty Corporation.

"Done And Ordered this 24th day of July A. D. 1937.

"W. T. Harrison, Circuit Judge."

Section 4540, *supra,* authorizes the court to make an order requiring the defendant or defendants in execution to appear and be examined concerning his or their property. Section 4542 provides for the examination of corporations, or the court may specify the officer or officers of a corpora-

tion to be examined. Provisions exist for the production and examination of other witnesses in the same manner as the trial of an action in the courts.

We have carefully considered the affidavit made and filed by counsel and the order of the court predicated thereon and hold that each were within the spirit and meaning of Chapter 7842, Acts of 1919, Laws of Florida. The order included J. H. Scott and H. N. Wimmers, who were not connected with the B. L. E. Corporation, defendant as officers or directors. On the date the order complained of here was entered. The statute authorizes the production of these witnesses and other whom the court should decide at a later date had or possessed knowledge concerning the property about which inquiry is made, and, having obtained jurisdiction of the cause, has the authority under the statutes, *supra,* to issue process and compel their attendance and testimony if the court thinks administration of justice requires it. See Richard v. McNair, 121 Fla. 733, 164 So. 836; Ryan Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483; Orange Belt Packing Co. v. International Agr. Corp., 112 Fla. 99, 150 So. 264; South Florida Trust Co. v. Miami Coliseum Corp., 101 Fla. 1351, 133 So. 334; Reese v. Baker, 98 Fla. 52, 123 So. 3; State, *ex rel.,* Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 163 So. 57.

The rule *nisi* heretofore issued is quashed and the cause dismissed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.