541 So.2d 1214 (1989)
STATE of Florida, ex rel., Jed PITTMAN, Clerk of the Sixth Judicial Circuit Court for Pasco County, Appellant,
v.
John W. STANJESKI, Appellee.
No. 88-893.
District Court of Appeal of Florida, Second District.
January 13, 1989.
Robert A. Butterworth, Atty. Gen., and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for appellant.
H. James Parker, New Port Richey, for appellee.
HALL, Judge.
The state appeals from the final summary judgment entered in favor of John W. Stanjeski in his action for declaratory and injunctive relief in which he challenged the constitutionality of the 1987 amendment to section 61.14, Florida Statutes (Supp. 1986). Ch. 87-95, § 5, Laws of Fla. We affirm.
John and Patricia Stanjeski were divorced in 1981. Custody of their child was given to Mrs. Stanjeski, and Mr. Stanjeski was directed to pay child support in the amount of $40 per week. In December 1986, Mrs. Stanjeski agreed to give Mr. *1215 Stanjeski custody of the child. Mr. Stanjeski filed a petition for modification of the final judgment of dissolution to change custody to shared parental custody with primary physical custody with him, to eliminate his obligation to pay child support, and to award him child support from Mrs. Stanjeski. Before his petition was decided, Mr. Stanjeski ceased making child support payments. Consequently, on July 27, 1987, the clerk of the circuit court issued a notice of delinquency to Mr. Stanjeski informing him that a judgment by operation of law would be entered against him if he did not pay the amount of delinquency within thirty days of July 3, 1987, the date the payment had become due. In response to this notice, Mr. Stanjeski filed a complaint seeking a declaration that section 61.14, as amended effective July 1, 1987, is unconstitutional. He also sought a temporary injunction to prevent the circuit court clerk from entering a judgment against him until the constitutionality of the statute pursuant to which the clerk was acting was determined. The temporary injunction was granted. Mr. Stanjeski then filed a motion for summary judgment. The trial court granted the motion in a final summary judgment in which it found that the procedure instituted by section 61.14(5), Florida Statutes (1987), violates the rights of Mr. Stanjeski to access to the courts as guaranteed by the Florida Constitution and to due process as guaranteed by both the Florida and the United States Constitutions. The state filed this timely appeal.
The state first contends that section 61.14(5), Florida Statutes (1987), does not violate Mr. Stanjeski's right to access to the courts because it does not prevent him or any other obligor of support from seeking to modify the amount of future support payments.
Section 61.14(5) provides as follows:
(5)(a) When support payments are made through the local depository, an unpaid payment or installment of support which becomes due after July 1, 1987, under any support order and is delinquent shall become, after notice to the obligor and the time for response contained therein as set forth in paragraph (b), a final judgment by operation of law and shall have the full force, effect, and attributes of a judgment entered by a court in this state for which execution may issue. The judgment shall be evidenced by a certified copy of the support order and a certified statement by the local depository evidencing a delinquency in support payments.
(b) When an obligor is 15 days delinquent in making a payment or installment of support, the local depository shall notify the obligor by certified mail, return receipt requested, of such delinquency and its amount. The notice shall state that failure to pay the amount of the delinquency and all other amounts which thereafter become due together with costs and a fee of $5 shall become a final judgment by operation of law against the obligor beginning 30 days after the date of such delinquency.
(c) As to real property, a lien is created when the notice requirements in paragraph (b) have been fulfilled and a certified copy of the support order along with a certified statement of the local depository evidencing a delinquency in support payments is recorded in the official records book of the county where the real property is located. The amount due shall include the delinquency as certified by the recorded statement of the local depository, amounts which thereafter become due prior to satisfaction of the judgment, and costs of filing and recording. Upon request of any person, the local depository shall issue, upon payment of a fee of $5, a payoff statement of the total amount due at the time of the request. The statement may be relied upon by the person for up to 30 days from the time it is issued unless proof of satisfaction of the judgment is provided. When the depository records show that the judgment has been satisfied, the depository shall record a satisfaction upon receipt of the appropriate recording fee. Any person shall be entitled to rely upon the recording of the satisfaction. The local depository shall not be liable as to errors in its recordkeeping [sic], except *1216 when the error is a result of unlawful activity or gross negligence by the clerk or his employees. The local depository, at the direction of the department, or the obligee in a non IV-D case, is authorized to partially release the judgment as to specific real property.
(d) The judgment by operation of law is a final judgment as to any unpaid payment of installment of money which has accrued up to the time either party makes a motion to set aside, alter, or modify the order. The court does not have the power to set aside, alter, or modify such order, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion.
As can be seen from a reading of subsection (d), although an obligor is not prevented from challenging future support payments, he or she is prevented from challenging payments which have accrued prior to the time of the filing of a motion to set aside, alter, or modify an existing support order. Although the statute does give the obligor the right to file a response to the notice of delinquency, it is silent as to the procedure to be followed upon the filing of the response. Thus, the clerk of the court could enter judgment and file a lien against the obligor's property regardless of the fact that the obligor had filed a response. The silence of the statute on the effect of the filing of a response, coupled with the provision in subsection (d) that the trial court does not have the power to set aside, alter, or modify any support payment that has accrued, works to deny an obligor his day in court to raise any equitable defenses he may have to the delinquency. As is stated in Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977), "[E]nforcement of payment of arrears of child support or alimony is a matter resting in the sound discretion of the court to be determined on equitable considerations, including the financial status of the parties." Subsection (5) of the statute acts to deny obligors of support their right to access to the courts as guaranteed by article I, section 21 of the Florida Constitution. One of the basic premises in our system of jurisprudence is the guarantee to all citizens of the right to due process of law. The Florida Supreme Court in Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (1935), stated:
In observing due process of law, the opportunity to be heard must be full and fair, not merely colorable or illusive. [Citations omitted.] Fair notice and a reasonable opportunity to be heard shall be given interested parties before a judgment or decree is rendered. [Citations omitted.] Due process of law means a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights. [Citation omitted.]
Id. at 487.
The state in its second contention argues that Mr. Stanjeski is not denied his due process rights as section 64.14(5) provides adequate notice and opportunity to be heard. However, due process entails more than the right to notice and an opportunity to be heard by a clerk of the circuit court.[1]Ryan. Due process contemplates a legal proceeding in a court of law. To deprive a person of his property without the right to be heard, as is done in section 61.14(5), is in direct derogation of the due process clauses of both the Florida and United States Constitutions.
The state has cited People ex rel. Sheppard v. Money, 124 Ill.2d 265, 124 Ill.Dec. 561, 529 N.E.2d 542 (1988), in support of its contentions in this appeal. We find that case supports Mr. Stanjeski's contentions and our resolution of this case. At issue in Money was the constitutionality of an Illinois statute similar to section 61.14(5) in that its purpose is to secure payment for child support arrearages. The means employed *1217 by the Illinois statute is an income withholding order. The procedure that had been utilized in Money for securing such an order was as follows: When an obligor becomes delinquent in payment of an amount equal to one month's support obligation or is thirty days late in payments he is sent a notice of delinquency and a form petition for stay of withholding; the notice of delinquency informs the obligor that if he does not pay the arrearage within the time specified or file the petition for stay of the withholding, a copy of the notice and the order for withholding will be sent to his payor; if the obligor files the petition for a stay of withholding, in which petition he may dispute the amount of support due, the amount of the delinquency or his identity, the court conducts a hearing. The statute was held to satisfy due process requirements because, inter alia, "[p]rejudgment and postjudgment hearings are provided for by the Act. The defendant-obligor may petition the court for a stay of withholding whereby he or she can raise the issue of whether the amount of arrearage or delinquency is accurate. [Citations omitted.] Thus, the obligor has the right to challenge any determination through the courts and to have withholding cancelled or modified." Id. 124 Ill.Dec. at 566, 529 N.E.2d at 547.
This right of an obligor under the Illinois statute to challenge an alleged delinquency, i.e., have his day in court, is the critical fact that distinguishes the Illinois statute from section 61.14(5). Therefore, the state's reliance on Money is misplaced.
Accordingly, we affirm the final summary judgment declaring section 61.14(5), Florida Statutes (1987), unconstitutional.
SCHEB, A.C.J., and LEHAN, J., concur.
NOTES
[1] The office of the clerk of the circuit court operates as the local depository, § 61.181, Fla. Stat. (1987), and the local depository enters the judgment against the obligor, § 61.14(5)(b), Fla. Stat. (1987).