**Curtis M. SWIFT, Plaintiff,**

**Kimberly Swift, a minor, by her guardian ad Litem, Francis E. Dorn, Intervening Plaintiff,**

**v.**

**Hampden M. SWIFT, and Mercantile Trust Company, National Association, Defendants.**

**No. 71-C-1380.**

United States District Court, E. D. New York.

March 11, 1974.

See also, 61 F.R.D. 595.

Cox, Treanor & Shaughnessy, by Samuel Rowe, New York City, N. Y., Thomas E. Moran, Chicago, Ill. (of the Illinois bar), of counsel, for plaintiff.

Francis E. Dorn, Brooklyn, N.Y., Guardian ad Litem for intervening plaintiff Kimberly Swift.

Havens, Wandless, Stitt & Tighe by Gerald J. Fields, New York City, of counsel, for defendant Hampden M. Swift.

JUDD, District Judge.

### MEMORANDUM

Plaintiff has asked for reargument of this court's order of February 8, 1974

442

directing that plaintiff submit to a mental examination to determine his competency to maintain the action. Although the order was signed after notice of settlement to the plaintiff, the court deemed the matter sufficiently significant to hear the attorneys orally on the motion for reargument.

■ There is "good cause" in this case for a study of plaintiff's present mental condition. Documents submitted by plaintiff earlier in the case establish that on January 23, 1969 one doctor recommended that he be kept in the hospital for another twelve months, because he was "delusional," and on January 25, 1969, another doctor said that his prognosis was "highly guarded." The value of the trust is well in excess of one million dollars, and the consequence of any decision will be serious to the plaintiff and to his daughter as well as to the defendants.

The position of the parties is somewhat inconsistent. Plaintiff asserts that he was incompetent in 1969 when he executed the trust, but is so clearly competent today that there is no need for a psychiatric examination. Defendants assert that plaintiff was competent when he executed the trust but that he may not be competent today. In making the motion for a mental examination, defendant Hampden Swift asked that the record be protected against any future challenge to the binding effect of an adjudication in this case by any later representative of plaintiff, because of any alleged incompetency.

The court, as a layman, cannot judge the plaintiff's mental stability. It is appropriate that the court be furnished up-to-date information concerning the plaintiff's present mental condition, both in order to consider the many facets of the trial and the proposed relief, and to avoid any risk of finding that the time required for pretrial proceedings and trial might prove futile.

Dr. Harley Shands, who has been designated to conduct the examination, is the Director of Psychiatry at Roosevelt Hospital, and is under no obligation to either side. In correspondence before the reargument, he notified the court that it might be desirable to have a set of psychological tests as part of his examination. This is within his discretion and should be permitted.

Plaintiff objects, if an examination is had, (a) to having it paid for by the trust, and (b) to having the report made available to the other parties. The nature of the report may have something to do with the determination of the second objection.

Plaintiff also asks that any order be based on Rule 17(c), relating to the appointment of a representative for an infant or incompetent person, rather than on Rule 35, relating to orders for mental or physical examination of a party or other person. The purpose of this request is to guard against the disclosure to defendants of any information relating to the litigation, if such is indicated in the report.

At defendants' request, the court has withheld from plaintiff and the intervening plaintiff the appraisal of John S. Swift Company, Inc. and J.S.S. Co., Inc., which were prepared in connection with settlement discussions with plaintiff's prior counsel.

*Discussion*

■ The order of February 8, 1974 was made pursuant to F.R.Civ.P. 35(a), which is within Part V, Deposition and Discovery, in the Federal Rules of Civil Procedure. It provides that the order must be based on "good cause shown" and that the order should "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Rule 35(b) appears to contemplate that the report be made available to the party at whose request it is made. Nevertheless, Rule 35 must be subject to the provisions of Rule 26(c) which permit the court to make "any order which jus-

tice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Until the report of examination is submitted, the court cannot determine whether disclosure would embarrass or burden plaintiff in his prosecution of the action.

Protective orders under Rule 26(c) may apply to all types of pretrial procedures. Baim & Blank, Inc. v. Bruno-New York, Inc., 17 F.R.D. 346 (S.D.N.Y.1955).

■■ Plaintiff's request to treat the examination, if ordered, as one under Rule 17(c) instead of Rule 35(a) is not important, since the same protective provisions are possible in either case. The court considers that the "controversy" for Rule 35 purposes need not be in the formal pleadings. Circumstances might dictate the disclosure of a Rule 17(c) report. The Court of Appeals for the Fifth Circuit cited both rules in holding that a district court has power to include appropriate protective provisions in an order directing a psychiatric examination. Bodnar v. Bodnar, 441 F. 2d 1103 (5th Cir.), cert. denied, 404 U.S. 913, 92 S.Ct. 232, 30 L.Ed.2d 186 (1971).

■ Plaintiff's request that his own physician be present at the examination is not approved, but Dr. Shands is at liberty to consult with plaintiff's physician if he deems appropriate, and so states in his report.

■ For the present, it is proper to have the report directed only to the plaintiff and the court. The court can determine later whether it should be disclosed to other parties. See Chastain v. Evennore, 35 F.R.D. 350 (D.Utah 1964)

The motion for reargument is granted. On reargument, the court adheres to its prior decision, modified as set forth below.

It is ordered (1) that the examination of plaintiff before Dr. Harley Shands proceed at 1:30 p. m. on March 20, 1974 at the Roosevelt Hospital, Room 826 of the Tower Building on Ninth Avenue between 58th and 59th Streets, New York City, or at such different time or times as may be agreed between plaintiff and Dr. Shands, or fixed by the court, and to include such psychological tests as Dr. Shands may request;

(2) That copies of Dr. Shands' report be provided only to plaintiff and the court until further order of this Court;

(3) That all costs of the examination be paid in the first instance by plaintiff;

(4) That any party may submit to Dr. Shands for consideration copies of any documents filed in this action, on notice to the other parties; and

(5) That further discovery in the action be suspended until after the report has been submitted to the court.