LETTS, Chief Judge.
Petitioner seeks review of a trial court order commanding that she be examined by an expert witness who is a vocational rehabilitative counselor but not a physician. The purpose of the examination is to determine the extent of her illness from alcoholism and her ability to be rehabilitated.
Under Florida Rule of Civil Procedure 1.360(a), a physician must be appointed to examine such an individual:
(a) Order for Examination. When the mental or physical condition, including the blood group, of a party or of a person in the custody or under the legal control of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce the person in his custody or legal control for examination. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.
There is no case law authorizing a non-physician to perform such examinations so that pursuant to the above quoted rule the trial judge should have directed a physician or a psychiatrist to examine the petitioner.
On the facts presented, we conclude that the trial court’s order constituted a departure from the essential requirements of the law. Accordingly, the petition for certiora-ri is granted. However, we stop short of issuing a writ upon the assumption that the trial court will react suitably to this opinion.
CERTIORARI GRANTED.
HERSEY and GLICKSTEIN, JJ., concur.