Cornelius F. MASSEY and
Gwendolyn Massey

v.

MANITOWOC COMPANY, INC.

v.

W–J SALES CO., INC. and Stewart
& Stevenson, Inc.

Civ. A. No. 82–2970.

United States District Court,
E.D. Pennsylvania.

Dec. 6, 1983.

---

Joseph A. Coffey, Jr., Lawrence A. Katz, Coffey, Keller & Kaye, Philadelphia, Pa., for plaintiffs.

Louis E. Bricklin, Bennett, Bricklin, Saltzburg & Fullem, John Tinaglia, Ballard, Spahr, Andrews & Ingersoll, Donald J. Matthews, Jr., Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, District Judge.

The complaint in Civil Action 82–2970 was originally filed in state court. The action was removed to this court pursuant to 28 U.S.C. § 1441(a). The complaint alleges that plaintiff husband suffered serious personal injuries due to a defective drill front and crane manufactured by defendant, Manitowoc Company Inc. (Manitowoc).

■ Presently before the court is the motion of defendant, Manitowoc, to compel plaintiff to submit to examination pursuant to Federal Rule of Civil Procedure 35. Defendant Manitowoc has requested that plaintiff husband submit to an interview and psychological testing with Dr. Philip Spergel, Ed.D., a rehabilitative psychologist and vocational specialist. Defendant Manitowoc seeks a clinical interview with plaintiff Cornelius Massey in which psychological testing will be administered, including vocational aptitude, interest, achievement and intelligence tests. Defendant Manitowoc argues that the examination is needed because the physical and mental condition concerning plaintiff husband's state of employability is in issue and the examination is necessary in order to reach an opinion concerning plaintiff husband's employability.

Plaintiffs' primary ground for objecting to the examination is that the vocational interview sought is beyond the scope of Rule 35. Arguing for a narrow interpretation of Rule 35, plaintiffs contend that "[t]he vocational interview sought by the defendant is neither a physical nor mental examination and Philip Spergel is not a physician." Although such an examination may be outside the letter of Rule 35, it is certainly within the purpose of the rule. Defendant's motion will be granted.

Rule 35 of the Federal Rules of Civil Procedure provides in relevant part:

(a) Order for examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The precise issue presented is whether Rule 35 permits examination by a psychologist who is not qualified as a physician. Research has failed to disclose any reported case directly on point. A similar issue was raised, but not decided, in *Marroni v. Matey*, 82 F.R.D. 371, 372 (E.D.Pa.1979), and psychological testing performed by a psychiatrist who held a medical degree was allowed in *Swift v. Swift*, 64 F.R.D. 440, 442 (E.D.N.Y.1974).

The facts in this products liability action are tragic. Plaintiff husband, working as a laborer on a construction site, had the lower half of his body crushed by a 48,000 pound crane. As a result of his serious injuries, plaintiff contends, not surprisingly, that he is totally and permanently dis-

abled. Plaintiffs do not dispute defendant Manitowoc's assertion that plaintiff husband's physical and mental state are an important issue in this litigation.

If the jury decides that defendant Manitowoc's product was defective and was the cause of plaintiff husband's injuries, the question of damages must be confronted. Plaintiffs are claiming that Mr. Massey is totally and permanently disabled. If they are correct, plaintiffs would be entitled to receive, inter alia, the total amount of wages Mr. Massey would have received during his work life. If he is not totally and permanently disabled, plaintiffs are only entitled to that portion of Mr. Massey's wage loss above any amount he could earn by engaging in some form of gainful employment. Simply put, if plaintiff husband is not permanently and totally disabled from all gainful activity, any wages he could earn would be deducted in computing his total damages.

Plaintiffs' objection to the requested examination can be broken down into two separate components: (1) the objection to a vocational examination because it is not a "physical or mental examination" in the language of Rule 35; and (2) the objection to Dr. Philip Spergel, Ed.D., conducting the examination because he is not a "physician" under the rule.

■ It has long been held that psychiatric testing can be ordered pursuant to Rule 35. *See* 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2235 (Supp.1983). Psychiatry is defined as "[t]hat branch of medicine which deals with disorders of the psyche." DORLAND's MEDICAL DICTIONARY, 1243 (24th ed. 1965). Psyche is defined as "[t]he human faculty for thought, judgment and emotion." *Id.* Psychology is defined as "[t]hat branch of science which treats of the mind and mental operations, especially as they are shown in behavior." *Id.* Although psychiatry is a branch of medicine and psychology a branch of science, both are concerned with mental operations. Because the rule allows mental examinations and psychology is a branch of science con-

cerned with mental operations, psychological testing is within the scope of Rule 35. The *Swift* court expressly held that psychological testing could be administered by a psychiatrist. *Swift,* 64 F.R.D. at 442.

■ I come now to the real dispute involved, whether Dr. Spergel, a licensed psychologist, but who is not a licensed medical doctor, can administer the tests in light of the literal language of Rule 35 that an examination be "by a physician." I conclude that under the circumstances presented a licensed psychologist can be treated as a physician for the purposes of conducting an examination under Rule 35.

■ In view of the fact that I have already determined that psychological testing may be performed, is there any legitimate reason why only physicians should be permitted to administer the examination? Neither the rule itself nor the advisory committee notes shed light on the subject. One can only assume that because such examinations involve a limited invasion of personal privacy, the main concern involved limiting the individuals permitted to make such examinations to those properly qualified. In any physical examination requiring the examiner to be a physician is quite apparent and logical. However, the study of mental health and thought processes is not within the exclusive domain of physicians. The requirement that the examiner hold a medical degree may not always be necessary. So long as there are adequate assurances that the examiner is qualified to conduct the type of examination given, the purpose of Rule 35 will be satisfied.

The practice of psychology is subject to regulation and control in Pennsylvania. 63 Pa.Stat.Ann. tit. 63 § 1201 (Purdon Supp. 1982). The licensing requirements require that an individual must *at the least* be of acceptable moral character, be a graduate of an accredited college or university holding a master's degree in psychology or other behavioral science plus four years of experience acceptable to the board, or a doctor's degree and two years experience, and have passed an examination adopted

by the board. *Id.* § 1206. Such requirements provide the necessary safeguards for preventing any abuse of Rule 35. It is perfectly reasonable to allow qualified psychologists to administer psychological tests once it has been determined psychological testing is appropriate in a particular case. The argument is not mere bootstrapping. Considering their required specialized training and experience, psychologists will in some instances be best qualified to administer examinations that require psychological testing. That is what they have been trained to do. To require that only a medical doctor, who may or may not have received specialized training in psychiatry or psychology, be permitted to administer the tests because Rule 35 permits utilizing only a "physician," would not serve the ends of justice.

Finally, I am very well aware that in *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), the Supreme Court stated that Rule 35's requirements of "in controversy" and "good cause" are not a mere formality. However, plaintiffs have admitted that the mental and physical state of plaintiff husband are in controversy. Further, in *Schlagenhauf* the Supreme Court recognized that there "are situations where the pleadings alone are sufficient to meet these requirements." *Id.* at 119, 85 S.Ct. at 243. As an example, the Court opined that "[a] plaintiff in a negligence action who asserts mental or physical injury ..., places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* So it is here. Plaintiff has claimed that serious injuries have left him totally and permanently disabled. Defendant has a right to determine to what extent, if any, plaintiff may be able to return to the work force, albeit in some different form of employment.

In sum, this case presents a classic example of a situation where psychological testing is appropriate. Defendant Manitowoc is entitled to a psychological examination to determine the extent of plaintiff husband's physical and mental scars, and the possibility, if any, of his returning to the work force in some useful capacity.

### ORDER

Upon consideration of defendant Manitowoc's motion to compel examination of plaintiff husband, plaintiffs' reply thereto and supporting memoranda, it is ordered that:

(1) plaintiff, Cornelius Massey, shall submit to an examination by Philip Spergel, Ed.D., within thirty (30) days of the date of this order;

(2) the examination will involve the administering of psychological testing, including vocational aptitude, interest, achievement and intelligence tests;

(3) Mr. Massey may be accompanied by a representative;

(4) a copy of Dr. Spergel's report shall be provided to plaintiffs' counsel within thirty (30) days after completion of the tests.