467 So.2d 282 (1985)
MID-FLORIDA TELEVISION CORP., et al., and Pat Beal, Petitioners,
v.
Jack BOYLES, Respondent.
No. 63753.
Supreme Court of Florida.
March 7, 1985.
Rehearing Denied May 3, 1985.
John M. Robertson of Robertson, Williams, Duane & Lewis, William G. Osborne and John L. Woodard, III, Orlando, for petitioners.
Elizabeth J. Gulden of Gulden, Heller & Sheaffer, and Marcia K. Lippincott, Orlando, for respondent.
Richard J. Ovelmen, General Counsel, and Parker D. Thomson, Sanford L. Bohrer and Gary B. Pruitt of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, amicus curiae, for The Miami Herald Pub. Co.
SHAW, Justice.
We have before us by petition for review Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla. 5th DCA 1983), which is *283 in express and direct conflict with decisions of other district courts of appeal. We have jurisdiction under article V, section 3(b)(3), Florida Constitution. We approve the decision of the district court.
The facts leading to this lawsuit, by a private person against a media defendant, are set out in detail by the Fifth District Court of Appeal, and it is unnecessary to repeat them here. Count I of respondent's complaint alleges defamation per se. Count IV incorporates Count I by reference and adds an allegation of actual malice. See New York Times Co. v. Sullivan, 376 U.S. 254 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). The district court surmised that the trial court dismissed Count I because it found that libel per se no longer exists in a defamation action against the media after Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); and, even if it does exist, the plaintiff's complaint fails to state a cause of action for libel per se due to its reliance on innuendo, or facts extrinsic to those published, to show that the words were defamatory.
The district court reversed the trial court on Count I, holding that libel per se is still a valid cause of action in Florida and that "the defamation alleged was libelous upon its face, without any need for innuendo." Boyles, 431 So.2d at 641. The court reversed on Count IV, as it relates to Count I, holding that it states a cause of action for punitive damages.
The district court specifically found that Count I of respondent's complaint complies with the Gertz requirement that the media cannot be held liable without fault in that it alleges that petitioner "knew or should have known that the statements were false and defamatory, thereby meeting the standard of negligence." Id. at 634. It found that Count IV, as it relates to Count I, complies with the Gertz requirement that there cannot be presumed or punitive damages without New York Times malice  knowledge of falsity or reckless disregard of the truth  in that it claims punitive damages by alleging that the acts were performed "in reckless disregard of the rights of the plaintiff, and that the defendants had knowledge of the statements' falsity, which they disregarded." Id.
The issue for review is whether Gertz has abrogated a cause of action for libel per se brought by a private person against a media defendant. Undoubtedly the distinction between libel per se and libel per quod, once clear, has blurred. At common law, before Gertz, we said "[w]ords amounting to a libel per se necessarily import damage and malice in legal contemplation, so these elements need not be pleaded or proved, as they are conclusively presumed as a matter of law." Layne v. Tribune Co., 108 Fla. 177, 146 So. 234 (1933). This statement is no longer accurate regarding a libel action against the media. Nonetheless, for purposes of pleading in a negligence action against the media, labeling an action libel per se remains a useful shorthand for giving a media defendant notice that the plaintiff is relying upon the words sued upon as facially defamatory, and therefore actionable without resort to innuendo.
Count I and Count IV, as it relates to Count I, of respondent's complaint state a cause of action and fully comply with Gertz. We approve the result reached by the district court in so finding.
It is so ordered.
BOYD, C.J., and ADKINS and ALDERMAN, JJ., concur.
EHRLICH, J., concurs specially with an opinion.
OVERTON, J., concurs in result only.
McDONALD, J., dissents.
EHRLICH, Justice, concurring specially.
I concur with the result reached by the majority and add these few remarks only to articulate my concerns. I agree that an allegation of libel per se may serve as a shorthand to signal that the defamation is so on its face, without resort to innuendo. However, I would not term this shorthand "useful," because the danger arises that *284 parties or courts may become confused by the use of the term that once carried so very much weight. The distinction between libel per se and libel per quod has not "blurred." Libel per se is dead, and let no one read from this decision that this ghost which we find still persists, lingers in any form other than as a shorthand term. To avoid confusion, in my opinion, any attorney would be well-advised when drafting a libel complaint to avoid the use of the term, and instead spell out that the defamation is clear on its face if the circumstances so dictate.