471 So.2d 81 (1985)
GIW SOUTHERN VALVE COMPANY, Appellant,
v.
Robert C. SMITH, Appellee.
No. 84-1839.
District Court of Appeal of Florida, Second District.
May 15, 1985.
Rehearing Denied June 25, 1985.
*82 Charles P. Schropp and Raymond T. Elligett, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
Patrick F. Sprague of Sprague & Jeske, P.A., Tampa, for appellee.
LEHAN, Judge.
In this personal injury suit which resulted in a jury verdict and judgment against defendant for $1,350,000, we reverse and remand for a new trial on damages.
We agree with defendant's contention on appeal that there was reversible error in the trial court's admission, over objection, of the testimony of an expert witness who was a clinical psychologist and clinical neuropsychologist and who was not a medical doctor. That testimony consisted of the opinion that because of the accident plaintiff's "brain would deteriorate much more rapidly in the future" and an explanation thereof.
We agree with plaintiff that whether an expert witness is qualified to give opinion testimony is normally determined in the sound discretion of the trial court. We do not agree, however, that this is an unfettered discretion. See, e.g., Carver v. Orange County, 444 So.2d 452 (Fla. 5th DCA 1983); City Stores Company v. Mazzaferro, 342 So.2d 827 (Fla. 4th DCA 1977); Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla. 2d DCA 1961). We would be remiss if we failed to correct what we believe to be an abuse of that discretion when, as we believe is clear here, the witness's testimony was not without significant impact upon the outcome of the trial.
There is no argument with the proposition that a psychologist may properly give opinion testimony as to an existing mental condition, see Ross v. State, 386 So.2d 1191 (Fla. 1980); Reese v. Naylor, 222 So.2d 487 (Fla. 1st DCA 1969), and existing organic brain damage. Executive Car & Truck Leasing, Inc. v. DeSerio, 468 So.2d 1027 (Fla. 4th DCA 1985). However, we have been cited to and have located no authority permitting a psychologist to give expert opinion testimony as to the future condition of a brain as the result of an accident.
There is authority that a psychologist is not qualified to give opinion testimony as to whether existing brain damage was the result of a particular accident. Executive Car, and cases cited therein. We believe the underlying rationale for excluding that type of opinion testimony requires the exclusion of the type of testimony in issue here. That rationale involves the lack of qualifications of a non-medical witness on a medical subject. We have no doubt that the matter of providing a prognosis as to future physiological effects upon the plaintiff's brain of a particular accident is a medical subject no less than is the subject of causation in the first instance, i.e., whether an accident caused existing brain damage. Just as, relative to causation, a witness who is a psychologist and not a medical doctor lacks qualifications to trace retrospectively what would occur to the brain from a given trauma, see Executive Car, so also does the witness (more specifically, the witness in this case) lack established qualifications to trace prospectively what would occur to the brain in the future.
Plaintiff, citing section 90.705 of the Evidence Code, contends that it was defendant's burden to establish that the expert *83 witness was not qualified in the field of his testimony. We disagree. Under section 90.705 "the burden of challenging the sufficiency of the basis for the opinion rests with the party against whom it is offered." City of Hialeah v. Weatherford, 466 So.2d 1127 (Fla. 3d DCA 1985) (emphasis added).
We do not conclude that appellant's remaining points on appeal are meritorious.
Reversed and remanded for a new trial on damages.
GRIMES, A.C.J., and CAMPBELL, J., concur.