PER CURIAM.
Agreeing with the trial court that the use of appellants’ images in the prologue to the movie Scarface could not possibly have a defamatory meaning, see Byrd v. Hustler Magazine, Inc., 433 So.2d 593, 595 (Fla. 3d DCA 1983), review denied, 443 So.2d 979 (Fla.1984); Wolfson v. Kirk, 273 So.2d 774, 778 (Fla. 4th DCA), cert. denied, 279 So.2d 32 (Fla.1973); Kurtell & Co. v. Miami Tribune, Inc., 193 So.2d 471 (Fla. 3d DCA 1967), or constitute an invasion of privacy, see Jacova v. Southern Radio & Television Co., 83 So.2d 34, 40 (Fla.1955); Boyles v. Mid-Florida Television Corp., 431 So.2d 627, 637 (Fla. 5th DCA 1983), aff'd, 467 So.2d 282 (Fla.1985); Stafford v. Hayes, 327 So.2d 871 (Fla. 1st DCA), cert. denied, 336 So.2d 604 (Fla.1976), we affirm the lower court’s dismissal with prejudice of the complaint.
Affirmed.