**Dorothy R. LEE**

v.

**GULF FLEET MARINE CORPORATION et al.**

**No. 84–2479.**

United States District Court,
E.D. Louisiana.

April 28, 1986.

Campbell E. Wallace, New Orleans, La., for movant.

Thomas M. Discon, New Orleans, La., for plaintiff.

## ORDER AND REASONS

JACOB J. MEYER, United States Magistrate.

Defendants move the Court for an order to compel plaintiff to "submit to an interview and testing by a vocational rehabilitation expert ...". (See Motion to Compel Examination by Vocational Rehabilitation Expert.) Plaintiff opposes such interview and invokes the provisions of Rule 35(a) of the Federal Rules of Civil Procedure which, in pertinent part, provides:

When the *mental* or physical condition of a party ... is in controversy, the court ... may order the party to submit to a physical or mental examination by a *physician* ... (emphasis added)

Thus plaintiff argues that because a vocational rehabilitation expert is not a "physician" an interview with such an expert is not permitted under the discovery provisions of the Federal Rules of Civil Procedure.

In support of her argument, plaintiff cites *inter alia,* a ruling by another Magistrate of this Court in *Husser v. Texaco, Inc., et al,* Civil Action number 84–4955 "E" who held that defendants cannot compel plaintiff to be examined by a vocational rehabilitationist. The basis of the Magistrate's ruling is stated as being the fact that such a person is not a physician required by Rule 35(a), Fed.R.Civ.P. We respectfully disagree with such ruling.

The plaintiff claims in this action that she sustained "serious, permanent and disabling injuries to her mind and body, and more particularly to her back and spine, causing her to be rendered permanently disabled, and to sustain past, present and future mental and physical pain and suffering, lost wages, loss of future earning capacity, and other related damages and expenses ..." (see complaint, paragraph XII).

Thus, the plaintiff herself has placed her physical and mental condition, her capabilities and her state of employability at issue. This is a critical issue which will have a direct impact on the issue of damages. The defendants seek to have plaintiff attend the interview and testing by the rehabilitation expert specifically to determine the scope and extent of plaintiff's employability in the future as she has alleged disability which will prevent her from working in any gainful employment in the future.

Defendants have established to this Court's satisfaction that the vocational rehabilitation expert, Delores Shannon, holds a Masters Degree in counseling and guidance from Louisiana Tech. She is a certified rehabilitation counselor and a Diplomat to the National Board of Vocational Experts, consultant for the Social Security Administration and a certified rehabilitation specialist for the United States Department of Labor. She has been recognized as a vocational rehabilitation expert and has so qualified in approximately ten to fifteen cases.

If the plaintiff is ordered to appear and be interviewed and tested by Ms. Shannon, her work background will be reviewed; an assessment will be made of her personality and motivation through testing. Test results, including I.Q., personality, dexterity, vocational interests and aptitude, will be conducted and an assessment made of her skills and vocational assets.

It is stated, and there is no opposition to such statement, that such an interview is unobtrusive and in no way will harm the plaintiff. The interview and test will encompass approximately two to three hours of time in the expert's office. A copy of the expert's report will of course be forwarded to counsel for the plaintiff.

There is no question in our mind that the information sought by the interview and by the tests to be conducted by the vocational rehabilitation expert is directly relevant to the issue of damages and under ordinary circumstances is absolutely subject to discovery.

The only objection made by plaintiff is under the narrow provisions of Rule 35(a) Fed.R.Civ.P which specifically requires that "mental" and "physical" examinations be conducted by a "physician". The usual rubric of discovery is that a plaintiff may not be reluctant and discovery may be freely had on all matters "relevant to the subject matter involved"; and it is no ground for objection that "the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence" Rule 26(b)(1), Fed.R.Civ.P.

A protective order to prevent discovery must state "good cause" and the court may then make any order which justice requires to protect a party from "annoyance, embarrassment, oppression, or undue burden or

expense, ..." Rule 26(c) Fed.R.Civ.P. Plaintiff makes no objection that the expert examination contemplated by defendants' motion will constitute annoyance, embarrassment, oppression or undue burden or expense. As stated, the sole objection is that the expert is not a "physician".

The provisions of Rule 35(a) quoted above relate specifically to a physical or mental examination. As to the mental examination, we find that the word "mental" as used in the rule was intended to apply to psychiatric examinations and mental conditions which relate to psychological disorders and not to mental tests relating to intelligence quotient, and motivation, personality, vocational interests and general work aptitude to evaluate earning capacity.

The notes of the Advisory Committee on the Federal Rules of Discovery, relating to Rule 35, clearly suggest, although not expressly stated, that the "mental" examinations contemplated relate to mental disorders and damages incurred that result in mental disabilities of an organic or psychological nature. In view of the relatively recent development of the use of vocational rehabilitation experts to evaluate a person's employability, we doubt that the drafters of the rule intended to preclude such experts from conducting an interview and tests by reason of the rule's requirement that the mental examination must be conducted by a "physician". The vocational rehabilitation expert's examination is not a medical examination; it is an evaluation of *economic* proportion to evaluate employability—not mental disability due to trauma or psychological dysfunction.

■ Thus, our first conclusion is that Rule 35(a) does not apply because the mental condition to be evaluated in this case is not one that is encompassed in the type of "mental" condition contemplated by the drafters of Rule 35(a). Our second conclusion is that even if such mental condition does encompass the type of examination contemplated by the vocational rehabilitation expert in this case, Rule 35 does not prohibit such an examination.

In *Massey v. Manitowac Company*, 101 F.R.D. 304 (D.C.Penn.1983), the District Court Judge ordered plaintiff to submit to an interview and testing by a vocational rehabilitation expert notwithstanding the argument made by plaintiff which is identical to the argument made in this case, namely the interview which was sought by the defendant was neither a "physical or mental" examination by a "physician" as required under Rule 35. *Id.* at 306.

In rejecting the plaintiff's argument, the Court stated:

Is there any legitimate reason why only physicians should be permitted to administer the examination?

Answering the rhetorical question, the court stated:

Neither the Rule [35] itself nor the advisory committee notes shed light on the subject. One could only asume that because such examinations involve a limited invasion of personal privacy, the main concern involved limiting the individuals permitted to make such examinations to those properly qualified. In any physical examination requiring the examiner to be a physician is quite apparent and logical. However, the study of mental health and thought processes is not within the exclusive domain of physicians. The requirement that the examiner hold a medical degree may not always be necessary. So as long as *there are adequate assurances that the examiner is qualified to conduct the type of examination given, the purpose of Rule 35 will be satisfied.* [Emphasis Added.]

We further conclude that the defendants have shown "good cause" which satisfies the requirements of Rule 35 to permit the examination by the vocational rehabilitation expert. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964) wherein the Supreme Court stated:

[A] plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an exami-

nation to determine the existence and extent of such asserted injury.

Counsel for plaintiff has referred us to *Lee v. Pickens Cty. and Sch. System,* 563 F.2d 143 (5th Cir.1977) as authority for the position that the provisions of Rule 26 Fed. R.Civ.P. are not coextensive with that of Rule 35. We do not disagree with this established principle of law. However, in *Lee,* the court granted remedial writ relief from an order entered by the Honorable W. Eugene Davis, then U.S. District Court Judge for the Western District of Louisiana.[1] Judge Davis ordered an examination, but it is not clear from the suscinct order of the appeals court whether the examination ordered related to the "mental" or "physical" condition of the relator, nor do we know the expert's occupation, who was to conduct the examination nor the purpose of the examination. The case involved an order of Judge Davis denying relief from an ordered conversion of a dual school system to a unitary system. Judge Davis's order promulgated criteria to be used in employment decisions and relator contended the criteria were in violation of certain judicially established standards. We conclude that *Lee* does not establish the validity of plaintiff's argument.

In conclusion, the term "mental" as used in Rule 35(a), we believe, relates to mental disorders and phychiatric abberations. The drafters of this rule, it may be safely stated, wished to insure that such disorders be evaluated only by a licensed physician qualified in such a field. However, the type of examination contemplated by the vocational rehabilitation expert in this case relates to the aptitudes, personality traits and motivation of the plaintiff. Thus, we do not narrowly construe the term "mental" to include this type of examination.

Accordingly, for all of the above reasons,

IT IS ORDERED that the plaintiff shall submit to an interview and testing by Ms. Delores Shannon, a vocational rehabilitation expert, at a time and on a date and place to be agreed upon by the parties, not later than thirty (30) days from the date of this Order.

IT IS FURTHER ORDERED that plaintiff shall have the right to be represented at such examination by an expert of her own choosing, who shall have the right to be present during any interview and testing which takes place.

IT IS FURTHER ORDERED that plaintiff receive a copy of Ms. Shannon's report not later than twenty-one days after completion of tests.

---

**1.** Judge Davis is now a Judge for the Fifth Circuit Court of Appeals.