488 So.2d 623 (1986)
WESTINGHOUSE ELECTRIC CORPORATION and Gates McDonald & Co., Appellants,
v.
Jesse L. Lawrence, Appellee.
No. BI-207.
District Court of Appeal of Florida, First District.
May 13, 1986.
Charles A. Zinn, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellants.
Lawrence H. Samaha, Tampa, for appellee.
NIMMONS, Judge.
The employer/servicing agent appeal from the deputy commissioner's order awarding claimant temporary total disability benefits, in which the deputy relied upon the testimony of a psychologist in determining that claimant's mental disorder was the result of injuries received in an industrial accident. We affirm.
On March 2, 1984 claimant sustained injuries to the low back, hip and upper arm when he fell from a truck bed while at work. During the ensuing months, claimant was examined by Dr. Berrios, a family practitioner, and diagnosed as suffering from back strain, chronic anxiety and depressive reaction. Dr. Berrios stated that his examination showed claimant markedly depressed. He referred claimant for a psychological evaluation to Dr. Richter, a psychologist.
After examining the claimant and administering certain psychological testing, Dr. Richter reached the conclusion that the claimant was suffering from an "adjustment disorder with severe depression and anxiety related to the accident." The claimant visited Dr. Richter's office on several occasions thereafter for psychotherapy.
The appellants do not question the qualifications of Dr. Richter as a qualified and experienced clinical psychologist or his competence to testify concerning his diagnosis of the claimant's mental condition or disorder. But the appellants do assert that Dr. Richter, not being a medical doctor, was not competent to opine that the mental disorder was causally related to the injuries sustained by the claimant in the accident. This is so, according to the appellants, because the opinion must be based upon reasonable medical probability and a psychologist cannot, by definition, meet that standard. The position of appellants is without merit.
The appellants mistakenly rely, in part, upon Executive Car and Truck Leasing v. De Serio, 468 So.2d 1027 (Fla. 4th DCA 1985). It is true that the Fourth District held that it was error for the trial court to permit a psychologist to testify that the subject accident caused organic brain damage.
"Because Dr. Bessette is not a medical doctor, we hold that the trial court should not have allowed him to testify to the physical cause of brain damage."
Id. at 1029. But that is not the kind of situation involved in the instant case where *624 the psychologist was permitted to express his opinion concerning the causal connection between the claimant's physical injuries and the claimant's development of a mental disorder or condition.[1]
Nor is this case controlled, contrary to the appellants' assertion, by GIW Southern Valve Company v. Smith, 471 So.2d 81 (Fla. 2nd DCA 1985) which holds that although a psychologist may properly give opinion testimony as to an existing mental condition, including organic brain damage, he may not be permitted to give his opinion as to the future physiological effects the particular accident may have upon the plaintiff's brain, the latter being a medical subject.
In Reese v. Naylor, 222 So.2d 487 (Fla. 1st DCA 1969), this court held that a psychologist, once qualified by reason of education, training, and experience, is competent to testify as to his diagnosis of a person's mental condition. The court declined to decide  because the appellant had failed to interpose a proper objection in the trial court  the further point urged by the appellant that it was error to permit the psychologist to testify as to causal connection between the accident and the plaintiff's condition. In pretermitting the question, the Court stated:
"While we so hold, we are quick to point out that for the purposes of a negligence action, there may be a difference between the qualifications of an expert witness in the mental health field to testify as to the causal relationship between a trauma and a mental condition in contrast with the giving of evidence as to the nature or extent of such mental condition."
Id. at 490. Cf. Kravinsky v. Glover, 263 Pa.Super. 8, 396 A.2d 1349 (1979) (psychologist may testify as expert to causation of psychological phobia). We do not disagree with the above dictum articulated by Judge Spector. Indeed, we recognize that the facts involved in some cases will be such as to strongly suggest that the psychologist's education, training, and experience are insufficient to permit him to render an opinion regarding a causal relationship between the accident and the diagnosed mental disorder or condition. Suffice it to say that the case sub judice is not such a case.
We hold that it was not error for the deputy commissioner to permit Dr. Richter to state his opinion regarding causal relationship between the claimant's mental disorder or condition and the physical injuries sustained in the accident.
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] It is worth noting that the De Serio court held that "a clinical psychologist need not be a medical doctor to testify to the existence of organic brain damage." (e.s.) De Serio, 468 So.2d at 1028.