Alan **SOUDELIER**

v.

**TUG NAN SERVICES, INC., et al.**

**Civ. A. No. 86–602.**

United States District Court,
E.D. Louisiana.

Jan. 19, 1987.

Christopher Siegrist, Houma, La., for plaintiff.

Charles Branton, Emmett, Cobb, Waits & Kessenich, New Orleans, La., for defendants.

## MEMORANDUM OPINION

MENTZ, District Judge.

Before the Court is plaintiff's appeal of United States Magistrate Jacob J. Meyer's order of January 6, 1987, wherein he compelled plaintiff to submit to an evaluation by defendant's chosen vocational rehabilitation expert, Neil Gorman. In support of his ruling, the Magistrate referred the parties to *Lee v. Gulf Fleet Marine Corporation*, 110 F.R.D. 307 (E.D.La.1986), one of his own decisions. In *Lee*, the Magistrate found that although Fed.R.Civ.P. 35(a) clearly limits physical and mental examinations to a "physician", examinations may also be conducted by a vocational rehabilitation expert.

Plaintiff asks the Court to reverse the Magistrate's ruling as clearly erroneous. Plaintiff submits that Neil Gorman is not a physician, as required by Rule 35(a) and, that even if a vocational rehabilitation expert is a physician under Rule 35(a), then defendant has failed to show any cause why plaintiff should be compelled to submit to a vocational rehabilitation examination.

This Court addressed the application of Rule 35(a) to a vocational rehabilitation expert in the case of *Bobby Maxwell v. Rowan Companies, Inc.*, Civil Action No. 85–2501, Section "I" (E.D.La.). Like plaintiff in the present case, the plaintiff in *Bobby Maxwell* took an appeal from an order of Magistrate Meyer compelling the plaintiff to submit to an examination by defendant's vocational rehabilitation expert. This Court reversed Magistrate Meyer and issued the following ruling:

> Fed.R.Civ.P. 35 concerns physical and mental examinations by a physician. "Physician" is defined as (1) a person licensed to practice medicine; (2) any medical doctor other than one specializing in surgery; (3) any person or thing that heals, relieves, or comforts. Webster's New World Dictionary, 1074 (2d ed. 1970). The vocational rehabilitation expert in this case is not a physician, as defined above and therefore, Rule 35 is inapplicable to the facts under consideration. In addition, the Court notes that defendant's motion [to compel] comes after the discovery deadlines in this case. The Court's ruling does not preclude the vocational rehabilitation expert from reviewing the medical experts' reports and testifying at trial.

*Id.* (July 21, 1986).

■ Since the Court's decision in *Bobby Maxwell* reversed the Magistrate and tacitly overruled *Lee*, it was copied to the Magistrate so that he might follow the Court's direction in the future. The Magistrate obviously has chosen to disregard the Court's ruling, as evidenced by the present motion to review and, surprisingly, continues to cite his own opinion in *Lee* as persuasive authority. The Court now takes this opportunity to overrule *Lee* for the reasons stated in *Bobby Maxwell*, as quoted above.

■ Thus, in the case at bar, the Court finds that Neil Gorman is not a physician as required by Rule 35(a). In addition, the Court finds that defendant has failed to show good cause for a vocational rehabilitation examination. *See Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) ("good cause" must be shown for the examination). Plaintiff retained Thomas Meunier, Jr. to evaluate plaintiff's ability to seek and obtain employment. The reports prepared by Meunier have been provided to counsel for defendant. Meunier administered certain tests to plaintiff, the results of which plaintiff states will be made available to defendant. Defendant has deposed plaintiff, as well as his treating physician, and has had access to all medical records pertaining to plaintiff's condition. An appointment has been made for plaintiff to be evaluated by a physician of defendant's choosing. Thus, defendant has available information which may be provided to any expert it wishes to retain.

Accordingly,

IT IS ORDERED that the order of the Magistrate compelling plaintiff to submit to an examination by vocational rehabilita-

tion expert, Neil Gorman, is REVERSED as clearly erroneous.