519 So.2d 1058 (1988)
Jeffrey L. LOOMIS and Joyce C. Loomis, His Wife, Petitioners,
v.
Dimitrios KAPLANERIS and Georgia Kaplaneris, His Wife, Respondents.
No. 87-3456.
District Court of Appeal of Florida, Second District.
January 27, 1988.
Rehearing Denied February 8, 1988.
Mark P. Kelly, of Freeman & Lopez, P.A., Tampa, for petitioners.
H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for respondents.
PER CURIAM.
Petitioners seek certiorari review of an order of the circuit court which requires Joyce Loomis, plaintiff in a personal injury action, to submit to an examination by Alan Saunders, Ph.D., a clinical psychologist. We agree with petitioners that rule 1.360(a), Florida Rules of Civil Procedure, does not authorize such compulsory examination.
The relevant portion of the rule reads as follows:
When the mental or physical condition, including the blood group, of a party or a person in the custody or under the legal control of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce the person in his custody or legal control for examination.
The term "physician" was given strict construction in Barry v. Barry, 426 So.2d 1229 (Fla. 4th DCA 1983), wherein the court refused to permit an examination by a "vocational rehabilitative counselor." Although a psychologist may in some instances be qualified to give opinion testimony about subjects classifiable as "medical"; see, e.g., GIW Southern Valve Co. v. Smith, 471 So.2d 81 (Fla. 2d DCA 1985); and so may display more characteristics in common with physicians than would the counselor in Barry, we do not believe that the language of rule 1.360(a) contemplates examination by a psychologist.
At one time the Florida rule authorized examinations by a physician "or other qualified expert." However, in 1972 the rule was amended to restrict such examinations to physicians only. In re the Florida Bar: Rules of Civil Procedure, 265 So.2d 21 (Fla. 1972). The present rule is derived from Federal Rule of Civil Procedure 35. The federal courts are not consistent as to the applicability of rule 35 to psychologists. In his memorandum opinion in Massey v. Manitowoc Co., Inc., 101 F.R.D. 304, 306 (E.D.Pa. 1983), Judge VanArtsdalen equated a psychologist with a physician, as respondents would have this court do:
Although psychiatry is a branch of medicine and psychology a branch of science, both are concerned with mental operations. Because the rule allows mental examinations and psychology is a branch of science concerned with mental operations, psychological testing is within *1059 the scope of Rule 35 ... I conclude that under the circumstances presented a licensed psychologist can be treated as a physician for the purposes of conducting an examination under Rule 35.
See also, Anson v. Fickel, 110 F.R.D. 184 (N.D.Ind. 1986). The reasoning set forth in Massey was extended to a "vocational rehabilitation expert" in Lee v. Gulf Fleet Marine Corp., 110 F.R.D. 307 (E.D.La. 1986); that decision was overruled by Soudelier v. Tug Nan Services, Inc., 116 F.R.D. 429 (E.D.La. 1987), but the court expressed no opinion as to the applicability of federal rule 35 to psychologists.
However, we find the better view, and the one consistent with Barry v. Barry and the history of our rule of procedure, to have been expressed in Comastro v. Tourtelot, No. 85-C-6809 (N.D.Ill. July 15, 1987) [1987 WL 35832], slip op. at fn. 1:
Given the myriad of possible backgrounds ... clinical, behavioral, or educational psychology; counseling or vocational experts; and degrees ranging from a bachelor's to a Ph.D.... expanding rule 35 would put courts in the difficult business of determining whether a particular individual has received sufficient training to conduct a highly intrusive examination into a party's private life. The current rule obviates the need for additional inquiry and effectively relies upon the clearly defined, rigorous training program provided to psychiatrists in medical schools and residency programs.
The petition for writ of certiorari is granted, the order of the circuit court compelling the psychologist's examination of Joyce Loomis is quashed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.