JORGENSON, Judge,
dissenting.
I respectfully dissent.
Ellis Landrum brought an action against Armstrong World Industries, Inc., and other manufacturers of asbestos-containing insulation products. In his complaint, Land-rum alleged that his exposure to asbestos dust throughout his employment had caused permanent, progressive damage to his lungs including, but not limited to, asbestosis, mesothelioma, and other forms of cancer. Armstrong moved for an order requiring notice of death and autopsy should Landrum die during the pendency of the litigation and offered as support for its motion:
1. [Plaintiff claims] terminal illness of mesothelioma based upon exposure to asbestos containing products of these Defendants.
2. Pathological analysis of tissue may prove to be ultimately critical in determining not only the medical causation issue in this case but also whether Plaintiff has mesothelioma at all.
3. [I]t is unknown whether an autopsy ultimately will be required or permitted under future circumstances[.]
The trial court granted Armstrong’s motion and issued an order on mandatory autopsy. Landrum now petitions this court for a writ of certiorari, contending that the order departs from the essential requirements of law and discovery practice and is not remediable by appellate review of a final judgment. I agree. For the following reasons, I would grant certiorari and quash the trial court’s order.
As a threshold matter, the trial court’s order is procedurally deficient. The order is directed to Landrum’s counsel, who is not a party to the action. It is axiomatic that an order will not bind one who has not been made a party to the proceedings. Virginia-Carolina Chem. Corp. v. Smith, 121 Fla. 720, 164 So. 717 (1935) (on rehearing); HCA Health Servs. of Fla., Inc. v. Ratican, 475 So.2d 981 (Fla. 3d DCA 1985). The order is plainly inoperative against Landrum’s counsel. The order is also deficient based upon the absence of a co-plaintiff spouse. Landrum’s death during the pendency of the litigation purportedly will trigger the order. However, only if the substituted representative for Landrum is, by chance, the same person who has custody and control of the deceased’s body will the court have before it a party capable of complying with the order.
Neither can the trial court’s order stand on its merits. Florida Rule of Civil Procedure 1.360 governs compulsory physical and mental examinations and provides in pertinent part:
(a) Order for Examination. When the mental or physical condition, including the blood group, of a party or of a person in the custody or under the legal control of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce the person in his custody or legal control for examination. The order may be made only on motion for good cause shown....
As movant, Armstrong must meet the two requirements of “physical condition in controversy” and “good cause.” Those requirements “are not met by mere concluso-ry allegations of the pleadings — nor by mere relevance to the case — but require an affirmative showing by the movant ... that good cause exists for ordering such particular examination.” Schlagenhauf v. *658 Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 242-43, 13 L.Ed.2d 152, 164 (1964).
It is uncontroverted that Landrum’s physical condition is in controversy. As to the element of good cause, however, Armstrong has presented only a conclusory allegation that a post-mortem analysis of Landrum’s lung tissue may produce additional relevant evidence bearing on causation and cancer type. Landrum’s pleadings allege injuries including, but not limited to, asbestosis, mesothelioma, and other forms of cancer. His petition for certiorari indicates that he has been diagnosed with asbestosis, a diagnosis routinely made through X-rays, physical findings, and occupational history. No malignant condition is apparent in his lungs.[1] A demand for autopsy to determine the nature of a malignancy, when no malignancy has yet been ascertained, is without good cause and exceedingly premature.
I would not accord great weight to In re Certain Asbestos Cases, 113 F.R.D. 612 (N.D.Tex.1986), and In re Certain Asbestos Cases, 112 F.R.D. 427 (N.D.Tex.1986), federal decisions which, pursuant to Federal Rule of Civil Procedure 35(a), have recognized the propriety of autopsy orders in pending asbestos cases. The federal trial court in those cases held that it could reasonably require that a body be produced for autopsy “unless the person who intends to assert an independent right of action for the death of the deceased is not the same person who has custody and control of the deceased’s body at time of death[.]” 112 F.R.D. at 434 (original emphasis). The reasonable inference to be drawn from this caveat is that an order on mandatory autopsy may not issue where the representative and custodian are neither identified nor necessarily identical, which is exactly Land-rum’s situation. The federal decisions, moreover, are based upon a broad reading of rule 35(a). Florida Rule of Civil Procedure 1.360(a), which is derived from rule 35(a), has been construed far more narrowly than its federal counterpart. See Loomis v. Kaplaneris, 519 So.2d 1058 (Fla. 2d DCA 1988) (rule 1.360(a) does not authorize examination by psychologist, notwithstanding applicability of federal rule 35 to psychologists); Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla. 5th DCA 1983) (broadcaster could not compel alleged libeled party to submit to mental examination under rule 1.360(a) even where broadcaster contended that party’s mental condition had become critical element in defense of lawsuit), aff'd, 467 So.2d 282 (Fla.1985); Barry v. Barry, 426 So.2d 1229 (Fla. 4th DCA 1983) (trial court’s order requiring examination by vocational rehabilitative counselor under rule 1.360(a) constituted departure from essential requirements of law).
Finally, I think it is unseemly to permit this order to stand. The effect of an order directing an autopsy upon one’s death must weigh heavily not only upon the plaintiff, but also upon his family. In this case the defendant’s desire to obtain an additional quantum of information ought to yield to the right of sepulture.[2]
I would grant the writ of certiorari and quash the order.

. Respondents concede that a present lung biopsy is contra-indicated medically.

. The trial court’s order conflicts with the established rule that a quasi-property right in dead bodies vests in the deceased’s closest relatives. 22 Am.Jur.2d Dead Bodies § 4 (1965). Although the right of sepulture must yield when the demands of justice so require, the right to preserve a corpse in the same condition as at death is a legal right which the courts will protect. 25A C.J.S. Dead Bodies §§ 2, 3 (1962).