Thomas H. **HOUGHTON**, Plaintiff,

v.

**M & F FISHING, INC., Fermin Ferreira; M/V Koorale; and Does 1 through 10** Defendants.

No. CIV. 99CV2276–BTM(JFS).

United States District Court, S.D. California.

Jan. 10, 2001.

John Lopez, Banning Micklow Bull and Lopez, San Diego, CA, for plaintiff.

Anita Marie Eilert and Mara V. Watkins, Kaye Rose and Partners, San Diego, CA, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL MENTAL EXAMINATION

STIVEN, United States Magistrate Judge.

A hearing on Defendants' Motion to Compel a Mental Examination of the Plaintiff, Thomas H. Houghton, came on regularly for hearing in Courtroom E of the above-entitled Court on December 28, 2000. Defendants submitted an informal letter brief on December 24, 2000. Plaintiff submitted an opposition brief on December 20, 2000. Defendants submitted a reply brief on December 22, 2000. Having considered the briefs submitted by the parties and after hearing oral argument, the Court denies Defendants' Motion to Compel a Mental Examination of Plaintiff for reasons set forth below:

### A. *GENERAL PRINCIPLES UNDER FRCP 35.*

Fed.R.Civ.P. 35 governs physical and mental examinations of parties and provides in relevant part as follows:

(a) Order for Examination. When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

As with all discovery in the Federal Court system, Rule 35 should be construed broadly. However, physical or mental examinations under Rule 35 are treated differently than other discovery methods, e.g. interrogatories, depositions, requests for production of documents. While still subject to the limiting provisions of Fed.R.Civ.P. 26(b) which apply to *all* discovery, Rule 35 examinations require an additional showing that the matter be "in controversy" and that "good cause" exists for ordering the examination sought. *Schlagenhauf v. Holder,* 379 U.S. 104, 117, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). "[B]y adding the words 'showing good cause therefor,' the Rules indicate that there must be greater showing of need under ... [Rule] 35 than under the other discovery rules." *Guilford Nat'l Bank of Greensboro v. Southern Ry. Co.,* 297 F.2d 921, 924 (4th Cir.1962).

In the leading case of *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234 (1964), the Supreme Court stated that the "in controversy" and "good cause" requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular ex-

amination." *Schlagenhauf,* 379 U.S. at 118, 85 S.Ct. 234.[1]

In concluding the opinion, the Supreme Court stated: that

[t]he Federal Rules of Civil Procedure should be liberally construed, but they should not be expanded by disregarding plainly expressed limitations. The "good cause" and "in controversy" requirements of Rule 35 make it very apparent that sweeping examinations of a party who has not affirmatively put into issue his own mental or physical condition are not be to be automatically ordered merely because the person has been involved in an accident...and a general charge of negligence is lodged. Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule.

379 U.S. at 121, 85 S.Ct. 234.

Magistrate Judge Aaron addressed Rule 35 and the *Schlagenhauf* opinion in the case of *Turner v. Imperial Stores,* 161 F.R.D. 89 (S.D.Cal.1995).[2] Judge Aaron analyzed six cases from various circuits where the Court had ordered a mental examination,[3] and concluded:

These cases suggest that courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: (1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that

his or her mental condition is "in controversy" within the meaning of Rule 35(a). *Id.* at 95.

Judge Aaron went on to note that "[a] number of courts have specifically held that a claim of emotional distress, without more, is not sufficient to place plaintiff's mental condition in controversy." *Id. See Bridges v. Eastman Kodak Co.,* 850 F.Supp. 216 (S.D.N.Y.) (noting that "most cases where mental examinations have been allowed have either involved a separate tort claim for emotional distress...or an allegation of ongoing severe mental injury." (citations omitted) *Id.* at 222.); *Cody v. Marriott Corp.,* 103 F.R.D. 421 (D.Mass.1984) ("[Only where] a plaintiff refers to specific mental and psychiatric injuries...[is he] affirmatively placing into controversy a mental condition." *Id.* at 423.); *Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33,* 126 F.R.D. 422 (D.Mass.1989) (Plaintiff did not place his mental condition at issue where he made a "'garden-variety' claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the alleged discrimination." *Id.* at 426.)[4]

## B. *ANALYSIS REGARDING THE INSTANT CASE*

In this case, the parties agree that none of the five factors cited by Judge Aaron in the *Turner* opinion are found to be present here. There is no claim for intentional or negligent infliction of emotional stress; nor is there any specific allegation of a specific mental or psychiatric injury or disorder having been caused by any culpable conduct of Defendants.[5] Rather, in the instant action, Plaintiff only seeks to recover damages for personal injury and for emotional distress

---

1. The Court found that "[t]he ability of the movant to obtain the desired information by other means is also relevant." *Schlagenhauf,* 379 U.S. at 118, 85 S.Ct. 234.

2. It should be noted that the *Turner* opinion has been given significant weight as it has been cited by both Wright & Miller, Federal Practice and Procedure, and The Rutter Group, California Practice Guide, Federal Civil Procedure Before Trial.

3. *Peters v. Nelson,* 153 F.R.D. 635 (N.D.Iowa 1994); *Tomlin v. Holecek,* 150 F.R.D. 628 (D.Minn.1993); *Shepherd v. American Broadcast-*

*ing Companies, Inc.,* 151 F.R.D. 194 (D.D.C. 1993); *Massey v. Manitowoc Co., Inc.* 101 F.R.D. 304 (E.D.Pa.1983); *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296 (E.D.Pa.1983); *Anson v. Fickel,* 110 F.R.D. 184 (N.D.Ind.1986).

4. See also, *Acosta v. Tenneco Oil Co.,* 913 F.2d 205 (5th Cir.1990), and *Coca–Cola Bottling Co. v. Negron Torres,* 255 F.2d 149 (1st Cir.1958).

5. In fact, Plaintiff's complaint is simply a claim for personal injury based upon Jones Act negligence and unseaworthiness, and seeks to recover only "general, special and other allowable damages in an amount according to proof at trial."

equated with a "garden-variety claim of emotional distress" such as that normally associated with or attendant to the suffering of or recovery from a physical injury. Indeed, in this case Plaintiff has expressly stipulated that he is *not* claiming that any present psychological disorder, nor any current use or abuse of alcohol or drugs, was caused by the injuries suffered in the subject shipboard accident. Plaintiff does not contend or classify his claims for damages as relating to unusually severe emotional distress. Plaintiff does not intend to offer any psychiatric or psychological expert testimony to support his claims of emotional distress. Plaintiff has never conceded that his mental condition is "in controversy" within the meaning of Rule 35(a).

Defendants, however, argue that Plaintiff's mental condition is "in controversy" because he is alleging that he is permanently disabled from returning to work as a chief engineer on a seagoing vessel and that he is unable to find other comparable employment to mitigate his damages. Supported by a declaration from Defendants' retained psychiatric expert, Mark A. Kalish, M.D., Defendants argue that Plaintiff's inability, or unwillingness, to return to full time employment is due, at least in part, to "significant psychiatric conditions, including a characterologic disorder and drug abuse disorders." Dr. Kalish opines that such mental conditions have impacted Plaintiff's ability to recover from his physical injuries and may have delayed his return to work. Defendants cite the case of *Massey v. Manitowoc Company,* 101 F.R.D. 304 (E.D.Pa.1983). In *Massey,* Defendant moved to compel plaintiff to submit to combined vocational and psychological testing. The Court in *Massey* granted Defendant's request finding as follows:

> Plaintiff has claimed that serious injuries have left him totally and permanently disabled. Defendant has a right to determine to what extent, if any, plaintiff may be able to return to the work force, *albeit* in some different form of employment. In sum, this case presents a classic example of a situation where psychological testing is ap-

propriate. Defendant Manitowoc is entitled to a psychological examination to determine the extent of plaintiff husband's physical and mental scars, and the possibility, if any, of his returning to the work force in some useful capacity.

*Id.* at 307.

While *Massey* does appear to provide some support for Defendants' position, there are three problems with Defendants' argument and reliance upon *Massey* in this case. First, to the extent Plaintiff's present mental condition is "in controversy", that condition has been put in controversy by Defendants (or Defendants' retained psychiatric expert), not by Plaintiff himself. Language in the Supreme Court's opinion in *Schlagenhauf* suggests that an examination might be warranted where the plaintiff places his or her mental or physical condition in controversy.

> A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

379 U.S. at 119, 85 S.Ct. 234.

Logic and fairness dictate that this is a proper test. Otherwise, a defendant would be free in any personal injury action to assert that a plaintiff's slow recovery or claimed inability to work was due to mental conditions rather than physical restrictions and could seek psychiatric examinations in every personal injury case. This does not appear to be the intent of Rule 35. Another problem with Defendants' reliance on *Massey* is that the plaintiff in *Massey* had admitted that his mental and physical state was in controversy and an important issue in the litigation. Thirdly, the examination in dispute was to be conducted by a Dr. Spergel, D.Ed., a rehabilitative psychologist and vocational specialist. This can be distinguished from the psychiatric exam being requested in the instant case, *particularly* where, as here, Plaintiff *has* agreed to submit and will be examined by a vocational rehabilitation specialist, Dr. Edward L. Workman.[6]

---

**6.** In addition, Plaintiff has, or will, submit to physical examinations by several orthopedic doctors and neurosurgeons, including, Dr. Koenig, Dr. Marino, Dr. Smith, Dr. Richley, Dr. Bannis-

ter, Dr. Maywood, Dr. Tung, Dr. Lasker and Dr. Rutberg. At least two of these physicians evaluated Plaintiff and will give expert testimony on behalf of Defendants. Defendants have had full

C. *CONCLUSION.*

In summary, this Court finds that a psychiatric examination of Plaintiff is not warranted at this time for the reason that Plaintiff has not put his mental condition at issue in this action and does not seek to recover damages for any mental or psychiatric injury or psychological condition which he claims was caused by the subject shipboard injury other than the "garden-variety" emotional distress attendant to the occasion of that injury and the process of recovery therefrom.[7]

This Order is made *without prejudice.* That is, if further discovery in this action reveals that Plaintiff *is* asserting and/or seeking compensation for any mental, psychiatric or psychological injury alleged to have been caused by the shipboard incident, or contends or claims that any current psychological disorder or drug or alcohol use or abuse is a result of the injury suffered in the shipboard incident, Defendants may renew their application for a psychiatric examination. Further, if Plaintiff seeks to present expert testimony on the subject of mental or psychiatric injury, Defendants may, likewise, re-apply for an opportunity to conduct a mental examination.

**IT IS SO ORDERED.**

---

opportunity to evaluate the nature and extent of physical restrictions claimed by Plaintiff.

**7.** Plaintiff's claim does include any such distress occasioned by delays in Defendants' paying maintenance and cure or approving surgery deemed reasonable and necessary to reduce or eliminate symptoms relating to Plaintiff's physical injury.