PER CURIAM.
We write to explain our rationale for affirming the dismissal of the complaint.
Plaintiffs employment was terminated. Whether it was by unilateral action of his employer, as defendant argues, or by common agreement, as he argues, is not the important issue for purposes of the legal question presented. What is important is that the Palm Beach Post published a news item that he had been “fired,” that plaintiff alleges that this statement is defamatory “per se” and damages from it are presumed and that he declined the privilege of further amending his complaint.
In Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the Court recognized the “strong and legit *798 imate state interest in compensating private individuals for injury to reputation,” 418 U.S. at 348, 94 S.Ct. 2997, but concluded that under the First Amendment such a legitimate state interest “extends no further than compensation for actual injury.” 418 U.S. at 349, 94 S.Ct. 2997. In Mid-Florida Television Corp. v. Boyles, 467 So.2d 282 (Fla.1985), the court held that Gerbz signaled the end of the theory of libel “per se” in Florida, except as a “useful shorthand” for the notion that the defamatory words are actionable without resort to innuendo. 467 So.2d at 283.
The court’s decision in Boyles makes clear that since Gerbz a plaintiff suing a media defendant must nevertheless plead and prove actual injury. Yet, actual injury is precisely what plaintiff abjures having to plead and prove in this action for defamatory falsehood. Under Gerbz and Boyles we have no alternative to affirming the trial court’s dismissal of the action.
DELL, FARMER and HAZOURI, JJ., concur.